## SOUTHERN TRAVELERS' ASS'N v. COLE.
### No. 10870.

Court of Civil Appeals of Texas. Dallas.
Dec. 5, 1931.

Rehearing Denied Jan. 30, 1932.

J. E. Gilbert and Muse & Muse, all of Dallas, and George Mendell, of Austin, for appellant.

Wallace, Taylor & Vickrey, of Dallas, for appellee.

VAUGHAN, J.

Appellee, the surviving widow of one Sam Cole, deceased, and beneficiary named in his application for insurance, upon which two certificates of membership were issued to him, and identified by classes E and F, and EE and FF, and numbered, respectively, 2934 and 2935, instituted this suit thereon.

The contracts were made up of appellant's articles of incorporation and by-laws, the application for membership, and the certificates of membership issued in accordance with articles 4794 and 4797, Revised Civil Statutes of 1925; appellant being a mutual assessment accident company, created and existing under and by virtue of title 78, chapter 6, of said statutes.

The insured received injuries in an automobile accident on a public highway in Arkansas on the night of the 16th of July, 1926, from which injuries he died on November 9, 1926. Plaintiff alleged compliance with the by-laws as to giving notice of the injuries received by the insured, calling physician, etc., as nearly as she could do so, and claimed excuse wherein she failed, and also alleged making and furnishing proofs of loss in so far as the facts required were available and procurable by appellee. Appellant answered by general and special exceptions, general denial, and specially pleaded as follows:

"(a) Setting out the terms of the application for membership signed by insured Sam Cole, showing amount paid by him and what for, the provisions of the Certificates of Membership, the classes in which he was insured, etc., and that his total insurance as taken and applied for was $12,000.00.

"(b) Section of by-laws providing exemption from liability for injury to member while said member was violating any law, or was in any degree under the influence of intoxicating liquors or narcotics, or where the accident should happen on account of, or in consequence of the use thereof.

"(c) That the injury and death of Cole was occasioned by his reckless driving while under the influence of liquor on a public highway, and exceeding the speed limit, and in violation of statutes of State of Arkansas, causing his car to overturn, which occasioned his injury and death.

"(d) Alleged the provisions of the law of Arkansas applicable to the acts and conduct of the said Sam Cole, alleged in paragraph c, supra.

"(e) Failure to give notice of accident and to make proof of loss as required by the by-laws, etc.

"(f) Statute of limitations of two years."

Appellee replied by first supplemental petition to appellant's answer, explaining failures to comply with requirements of by-laws as to giving notices set up in her amended petition.

A nonjury trial resulted in a judgment in favor of appellee for $14,800, interest, cost, and a mandatory injunction requiring the performance of certain acts on the part of appellant which will be reviewed in the discussion of the questions presented by this appeal.

The defenses urged by the appellant were all predicated upon certain provisions of its by-laws, none of which were contained in the certificates of membership issued to the insured and sued upon. Appellee invoked both by demurrer and answer to the merits, article 4797, supra.

Under agreement of the parties, the court withheld ruling on the demurrers directed to these defenses until after the hearing on the merits. On conclusion of the hearing, the court found both the law and the facts to be with appellee.

On the 14th day of June 1926, the insured, Sam Cole, made application for membership in appellant association, upon which the two certificates declared upon were issued. The application for said certificates contained, among others, the following provision, viz.: "I agree that this application, the Laws of Texas, and the Charter, the By-laws now in existence (of which benefits on back page of this application is a copy of a part thereof) and as may be amended and the Certificate shall be the contract for membership in this Association, and that the same is not to be binding on the Association until this Application is accepted and certificate of Membership issued"—the certificates so issued being each dated June 18, 1926, and in the following language:

"This certifies that, Sam Cole is a member of the Southern Traveler's Association, and while in good standing is entitled to benefits in such amounts, and under such conditions

and limitations as may be provided for in the Articles of Incorporation and By-Laws of said Association in force on the date of the happening of the event on account of which claim, under this certificate, is made, said Articles of Incorporation and By-Laws, the application for membership and this certificate shall constitute the contract between the holder hereof and said Southern Travelers' Association.

"In accordance with the Revised Civil Statutes of the State of Texas of 1925, Article 4794, the following endorsement is made: 'The payment of the benefit herein provided for is conditioned upon its being collected by this Company from assessments and other sources as provided in its By-Laws."

It is stipulated under the heading of "Membership Classifications" on said certificates that the principal sum of indemnity provided by class E certificate is $6,000, and is further stipulated under the head of "Notices" on said certificates that members of class E in case of accident must call a physician or surgeon immediately, and notify the office of the secretary within thirty days, to recover the benefits therein provided.

Appellant association, at the time of the issuance and delivery of said certificates, delivered to insured copies of its articles of incorporation and by-laws, respectively, in force on March 6, 1926, and at the date of the injuries alleged to have been received by insured. A pertinent portion of the copy of by-laws so delivered is section 4 of article 2, under the heading of "Membership," which provides that, upon the acceptance of the application of any person for membership in said association, there shall be issued to him a membership certificate, signed by the president and secretary, and that said certificate of insurance, together with the application of said member for membership in the association, the articles of incorporation, and the by-laws of the association, shall be considered in each case the entire contract between the member and said association.

Section 1 of article III of said by-laws stipulates that whenever a class E member of the association in good standing, while said member's certificate of membership is in force, shall through external, violent, and accidental means, independent of 'all other causes, receive bodily injury resulting in disability or death, the member or beneficiary shall be paid by the association, except as therein provided, upon receipt of proof satisfactory to the board of directors and committee thereof (or if loss from such disability or injury results within six months) the sum of $6,000 for accidental death.

Section 5 of article 3 of said by-laws provides that the association shall not be liable when death is caused wholly or in part by a large number of causes stated therein, none of which are pertinent herein because the part of the by-laws printed "on back page" of insured's application does not contain the provisions of said section 5, article 3, or any other section or provision of said by-laws as exemptions from liability; the contingency for liability, asserted by appellee, being, as indorsed on said application, "death by accident, single membership, $6,000.00; two memberships, $12,000.00."

Section 4 of appellant's by-laws provides: "Upon the acceptance of the application of any person for membership herein, there shall be issued to him a policy or Membership Certificate specified by said Board of Directors, or a Committee thereof, signed by the President and Secretary, and the said policy or membership certificate of certificate of insurance, together with the application of the said member for membership in the Association, the Articles of Incorporation, and the By-Laws of this Association shall be considered in each case the entire contract between the member and this Association."

The following provisions of section 2 of appellant's by-laws explain the term "accidental death" as used in the certificates sued upon, viz.: "Whenever a member of this association * * * shall through external, violent and accidental means, independent of all other causes, receive bodily injury resulting in * * * death, the * * * beneficiary shall be paid by the association * * * the amount named below: * * * $6,000.00."

Neither the application, the part of appellant's by-laws printed thereon, nor either of the certificates issued, contain section 8 of appellant's by-laws, viz.: "This association shall not be liable to any member for any indemnity * * * on account of * * * death resulting to any member while said member was violating any law, or was in any degree under the influence of intoxicating liquors * * * or which shall happen on account of, by reason of, or in consequence of the use thereof. * * *"

The contention is made by appellant that, inasmuch as the insured agreed in his application for membership that the by-laws of appellant association should constitute a part of the contract of insurance, the provisions of the by-laws, and the defenses predicated thereon, even though not specifically set out in the face of the certificates sued upon, could not be ignored without impairing the obligation of the contracts. To this appellee, by counter proposition, replies that defenses so urged by appellant, predicated upon provisions of its by-laws not specified in the face of the certificates of membership issued to the insured, are not available to it in appellee's suit on such certificates; said certificates not being issued in conformity with the

requirement of the provisions of article 4797, supra.

The question thus presented was before and determined by this court in the case of Francis v. International Travelers' Association, 260 S. W. 938, opinion by Mr. Associate Justice Looney. The judgment of this court sustaining the contentions of appellee was affirmed by our Supreme Court, 119 Tex. 1, 23 S.W.(2d) 282, 283, opinion by Mr. Chief Justice Cureton, in which he used the following comprehensive language disposing of this question adversely to appellant, viz.: "The insistence here is that the specification of the contingency in the broad language quoted from the policy and the reference to the exceptions in the by-laws is a sufficient compliance with the statute. With this we cannot agree. Since it is evident that the contingency must be specified in the policy, then under the statute, the whole of the contingency must be named; that is, the contingency with all exceptions, if any. We therefore cannot look to the by-laws for a limitation of the general language used in the policy naming the contingency insured against. The statute governs and controls. The language of the policy directing the policyholder to look to the by-laws to ascertain the full or limited contingency under which the company agrees to pay, is in direct conflict with the statute. The legislative mandate is dominant and must prevail. Corporate by-laws cannot be made to repeal or supersede a statute. In fact, the statute which requires the specification of the contingency insured against must be regarded as entering into and forming a part of the contract, to the same effect as if embodied therein. The restrictive by-laws, in so far as they limit the right of recovery for accidental death named in the policy, are not effective, and pass out of the case. International Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630; Eaton v. International Travelers' Association (Tex. Civ. App.) 136 S. W. 817; Southland Life Ins. Co. v. Hopkins (Tex. Civ. App.) 219 S. W. 254; Cooley's Briefs on Insurance (2d Ed.) vol. 2, pp. 1102, 1138, 1139, 1141, 1143."

The opinion by Judge Looney in the Francis Case, supra, may, we think, also be consulted with much beneficial interest. Under the cogent and salutary reasoning contained in the opinions delivered in the Francis Case, supra, we overrule appellant's assignments of error based upon this phase of its appeal. We think that the following contention of the appellant should be specifically reviewed, although we regard same to have been definitely disposed of adverse to appellant in above holding, viz.: That said article 4797 does not apply to the instant case for the reason that the insured agreed, in his application for certificates of membership, that the association's by-laws should become a part of his contract of insurance, citing in support thereof South-

ern Travelers' Association v. Boyd (Tex. Com. App.) 12 S.W.(2d) 183. The Boyd Case was decided January 9, 1929, a year previous to the opinion of the Supreme Court in the Francis Case.

■ The same contention was made by the appellant in the Francis Case, supra, with respect to the applicant for the certificate having agreed that the provisions of the by-laws should constitute a part of the insurance contract, and of a necessity was included within the quotation, supra, made from Judge Cureton's opinion. That the holding in the Boyd Case, supra, is diametrically opposed to that of the Supreme Court in the Francis Case, supra, there can be no question; and, while the Boyd Case is not referred to, we are to assume that the Supreme Court was not unmindful of its existence, nor of the conflict that would be thus created by its holding in the Francis Case; and, the holding in that case being the last expression of our Supreme Court on the question under discussion, we were, in determining the instant case, required to give effect to the holding of the Supreme Court in the Francis Case although we had not been in agreement with same.

We therefore are of the opinion that said statute would be of no avail if the court should hold that the parties to an insurance contract, or a certificate issued by a mutual assessment association, could make a binding agreement that the by-laws, or any document other than the provisions of the policy, or certificate of membership, could contain valid limitations and restrictions on the contingencies specified in such policy or certificate, and thereby comply with the requirements of said article 4797.

■■ Appellant complains of the overruling of its motion to quash the depositions, respectively, of W. L. Kirkwood and Robert Lee Dillard, appellee's witnesses, because neither of said witnesses swore to their respective depositions as required by law; nor was the identity of said witnesses, or either of them, shown to have been that of the person or persons whose depositions were purported to have been taken. In support of said motion, appellant relied upon the caption and jurat attached to the depositions of said witnesses respectively, same being in each instance, with the exception of the name of the witness, as follows: "Answers and depositions of W. L. Kirkwood who resides in Truman, Poinsett County, State of Arkansas, to the accompanying direct and cross-interrogatories propounded to him in the above entitled and numbered cause, taken before A. L. Malone, a Notary Public in and for Craighead County, Arkansas, in accordance with accompanying commission (Or agreement as the case may be)"—followed by answers and then by jurat, to wit: "Sworn to and subscribed before me under my official hand and seal with date," etc.

The appellant contends that said caption and jurat being without any certificate of the officer executing the commission, or identification of the witness Kirkwood as the party making or swearing to the answers, was not a compliance with the statute, and should have been suppressed. We are of the opinion that appellant's motion should have been sustained and the deposition of Kirkwood, and likewise that of Dillard, should have been suppressed. Sabine & E. T. Ry. Co. v. Brousard, 69 Tex. 617, 620, 7 S. W. 374; Missouri, Kan. & T. Ry. Co. v. Graves, 57 Tex. Civ. App. 395, 122 S. W. 458, 462.

Appellee cites the case of Mo. Pac. Ry. Co. v. Baldwin, 261 S. W. 418, by Court of Civil Appeals, and same case reported in 273 S. W. 834, by Commission of Appeals. We do not think that the facts of the instant case bring same within the holding in the Baldwin Case. This error, however, we think immaterial in view of the fact that the testimony of said witnesses was to the effect that the deceased, Sam Cole, was not in a state of intoxication, or to any extent under the influence of intoxicating liquors at the time of the accident resulting in his injuries. This defense having passed out of the case, the admission of said testimony in a nonjury trial was harmless, as same could not have been given any probative effect.

■ Appellant urges as material error the admission in evidence over its objections the following portion of a newspaper clipping that was attached to a letter, dated December 9, 1926, written by appellee to appellant: "A diamond pin, valued at $1800.00, alleged to have been stolen from the body of Mr. Cole while he lay unconscious by the road-side following the accident, was returned to his wife several days later by a barber of Truman. Dr. A. M. Tullos, well known physician of Truman, who administered first aid to Mr. Cole, was placed under arrest on a warrant charging theft of the gem."

On its face, it was shown that said clipping was published after the death of the insured from an injury received July 17th preceding.

This clipping was objected to by the appellant on the grounds that the statement was hearsay; that a copy of the indictment, if one existed, was the best evidence; that the letter was self-serving, and the publication hearsay of the purest type.

The Dr. Tullos referred to in said clipping was the physician who rendered first aid to Sam Cole, and testified to facts which, if believed, were sufficient to establish that Sam Cole was in a state of intoxication at the time his car was overturned, from which he sustained injuries resulting in his death. The admission of this clipping would be reversible error, but for the defense based on the alleged intoxication of said Cole having passed out of this case, on the construction placed

upon article 4797, supra. Therefore proposition based upon the admission of said newspaper clipping in evidence is overruled.

Appellant, by its eighteenth proposition, contends that the judgment is contrary to the law and evidence in this: "Because the undisputed evidence shows that no proof of loss was furnished to the defendant as required by its by-laws and the contract, in that Section One of Article 6, of its by-laws, requires immediate notice of accident to the insured to be made to the association at its office in Dallas, Texas, which was never given."

Appellee's pleadings pertinent to this proposition were in part as follows: "That while insured was unable personally to comply with said notice and proof of loss provisions, a physician was called as soon after the accident resulting in the death of insured as, under the circumstances, was possible; and, thereafter, written proofs of loss, including affidavits of physicians who attended insured for his injuries and examined his body after death, giving the nature of the injury, cause of death, date of the accident, where and how it happened," etc., were furnished appellant in so far as they were available and procurable by appellee. "That following the accident, the said Sam Cole, the insured, was unable to make a report thereof to defendant, and for several days thereafter was unable to tell plaintiff of his membership in defendant's association; that as soon as plaintiff learned of such membership, on September 13, 1926, she advised defendant of said accident; that on September 15, 1926, defendant, by letter, acknowledged receipt of such advice, and therein stated to plaintiff that the association did not stand back on technicalities, and in said letter enclosed preliminary blanks for insured and his doctor to fill out," and further pleaded, "Notice of said accident was given defendant by plaintiff as soon as possible."

Sections 1 and 2 of article 6, appellant's by-laws, in part, provide:

1. "Written notice of injury or sickness or death by accident, on which claim may be based, must be given to the association immediately after the date of the accident causing such injury or sickness or death."

2. "Failure to give this notice within time provided herein shall not invalidate any claim if it shall be known not to have been reasonably possible to give such notice, and that notice was given as soon as was reasonably possible."

Appellee, in support of the above allegations, testified without contradiction to the following facts: That she was at Hot Springs, Ark., at the time insured was injured; that she saw him for the first time thereafter the morning of the 17th of July; that he had a double compound fracture of

the jaw, fractured skull, internal injuries, and his chest crushed; that he was unconscious when she arrived; that it was about sixty days before he was in position to talk to her about the accident, and then he did not know anything about his policies or anything; that, as soon as she found out about the insurance policies sued upon, she addressed a letter to appellant in reference thereto, September 13, 1926, which was a few hours after she found out from her husband that he had such certificates; that she knew nothing about the existence of the certificates until she was informed in reference thereto by her husband; and that notice of the injury sustained by insured was given to appellant as alleged.

█ We think that this sufficiently established that the required notice of said injury was given, in that it established a compliance with the provisions of section 2, supra. Therefore said proposition is overruled.

Was appellee's cause of action barred by limitation, as stated in appellant's by-laws, in that this suit was filed two years, seven months, and twelve days after suit could have been maintained under said by-laws as contended by appellant?

Appellee counters this proposition as follows: "The provisions of appellant's by-laws stipulating a shorter period of limitation for filing suit than is allowed by the statutes of the State are void and of no effect." And, in connection with said counter proposition, contends that Section 4, Art. 6, of appellant's by-laws, requiring that proof of loss must be furnished within ninety days after the date of such loss, is in conflict with the provisions of article 5546, R. C. S. 1925; and, therefore, void.

Section 7 of article 6, appellee's by-laws, in part, reads, "That no action at law or in equity shall be brought at all unless brought within two years from the date of expiration of the time within which proof of loss is required."

█ The effect of this language is to require the filing of a suit on a certificate issued by appellee to be made within two years from the accrual of a cause of action thereon; therefore is in conflict with article 5527, R. C. S. 1925, viz.:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

█ The provisions of section 4 of appellant's by-laws, supra, are in conflict with the following language of article 5546, R. C. S. 1925: "No stipulation in a contract requir-

ing notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void."

Under the above statutory provisions, we do not think that the court erred in overruling appellant's plea of limitation, as the provisions of its by-laws relied upon by appellant as the basis for said plea (a) required notice of loss to be given at a less period of time than ninety days from the date the injury was sustained by the insured, and (b) fixed the required period of time in which to institute suit on the certificates issued to the insured at a shorter period than two years from the accrual of the cause of action thereon; hence said provisions of appellant's by-laws are void. Therefore appellee had four years in which to institute her suit on such certificates from the accrual of her cause of action thereon; and this suit was filed within that period of time. Grand Lodge, Colored Knights of Pythias of Texas, v. Hill (Tex. Civ. App.) 277 S. W. 797. Said proposition is accordingly overruled.

█ Appellant contends that the judgment of the trial court is erroneous in that by the terms of the contracts the method of payment provided for by article 3, section 4a, of its by-laws, class E members are entitled to payment at the rate of $50 per month on each certificate (making $100 per month on two policies) until the total amount insured shall have been paid, in this case 120 months; whereas less than four years has elapsed since the death of the insured.

The judgment awarding mandatory injunction for the purpose of enforcing the collection of the amount adjudged to appellee is as follows:

"It is further ordered by the court that a mandatory writ of injunction shall issue forthwith, requiring, directing and commanding the defendant, Southern Travelers' Association, its board of directors, secretary and treasurer, and their successors in office respectively, to pay into court," etc.

"And further requiring, directing and commanding the defendant association's board of directors, and their successors in office, to order calls for premiums upon its members, and to make and levy assessments on its Class E members, for the payment of this judgment."

"And requiring, directing and commanding the secretary of defendant association and his successors in office to notify the members of the order of such calls for premiums, and of the levy of said assessments," etc.

"And further requiring its board of directors, etc., to take all steps and do all things

that may be requisite and necessary to pay off and discharge this judgment, and to forthwith collect and cause to be collected and paid into the registry of this court the monies and proceeds of assessments necessary for such purpose."

For equitable relief, appellee prayed as follows: "And plaintiff further prays that mandamus be awarded, directing defendant to levy and collect the assessments necessary for the payment of such judgment."

Article 4794, R. C. S. 1925, provides how payment of judgments of this character shall be enforced against appellant association, viz., "The payment of the benefit herein provided for is conditioned upon its being collected by this company from assessments and other sources as provided in its by-laws," which provision is required by said article 4794 to be printed on each certificate of membership issued by a mutual assessment accident company, on its face, in red letters.

The funds for the payment of liability on account of benefit certificate issued are authorized by said article to be provided for as follows: "Said corporation may charge a membership or admission fee of not exceeding $3.00 per each policy issued, the proceeds of which may be placed in the expense fund, and at least sixty per cent of all amounts realized from any other sources shall be used only for the payment of losses or benefits as they occur, or the balance thereof remaining after paying such losses or benefits transferred to such reserve fund"—the creation of a reserve fund, and the purpose for which same may be used, being authorized by the following language of said article: "Nothing in this chapter shall be construed to prevent the creation of a reserve fund by any such organization which fund or its accretions, or both, are to be used only for the payment of losses or benefits as provided in the by-laws of such corporation."

Responding to the above statutory provisions, appellant association adopted the following by-laws under the head of "Premiums and Other Calls," being sections 1 and 2 of article 4, viz.:

"Sec. 1. In accordance with the revised Civil Statutes of the State of Texas of 1925, Art. 4794 the following endorsement is required to be made on all certificates of membership or policies printed in red ink as follows: 'The payment of the benefit herein provided for is conditioned upon it being collected by this company from assessments and other sources as provided in its by-laws.'

"Sec. 2. The Board of Directors may order call as authorized by law upon each and every member for funds whenever in their opinion it is necessary, and said Board of Directors may at their option call for a membership fee, not to exceed $3.00 per membership, for such purposes as may be sent out in the notice of the call, which when called by the Board of Directors, must be mailed by the Secretary to each member at least thirty days before said premium or membership fee becomes due."

Section 4 of article 8, in part, provides: "The Board of Directors shall have the power to authorize a committee composed of members of said board of directors * * * to order premiums or calls for the payment of benefits, death losses and expenses * * * to audit and direct all disbursements of the funds of the association."

And section 6 of said article reads as follows: "The membership fees, Premiums and annual dues and all other revenues, income or funds of the Association from whatever sources derived, shall under and by the direction of the Board of Directors be used to discharge any of the obligations of the Association, irrespective of the dates when such obligations were incurred, in conformity with the provisions and stipulations of the laws of Texas."

Sections 1 and 2 of article 12 provide for and direct the manner in which a reserve fund may be created, and section 3 thereof provides for the use of such reserve fund for the purpose of paying benefit and death losses at such times and in such amounts as the board of directors may deem necessary in the interests of the association.

The following provisions of article 4797, supra, fixes the liability of the association for the payment of benefit certificates, viz.: "The sum of money which it promises to pay upon the contingency insured against"—and the means that may be resorted to, and the funds drawn upon for that purpose, as follows: "If the sum realized by it from assessments made in accordance with its by-laws to meet such payment, together with such other sums as its by-laws may provide shall be used for that purpose, shall be insufficient to pay such sum in full, for which it is so liable, then the payment of the full amount so realized shall discharge such corporation from all liability, by reason of the happening of such contingency, and in that event, such corporation shall be liable only for the amount so actually realized."

The benefit certificate upon which recovery was had provided for double benefit protection, viz. $12,000 for two memberships, the amount for one being $6,000; therefore, for the purpose of discharging the liability of appellant to appellee, an assessment against the members of class E of appellant association should be made for the sum of $6 each, and this assessment levied only one time for the purpose of discharging the judgment rendered in favor of appellee, provided, however, that, if the sum realized from such assessment should be insufficient to pay such sum in full, the balance remaining unpaid is to

be discharged out of "such other sums as its (appellant's) by-laws may provide shall be used for that purpose."

If the above sources of payment, on being exhausted, shall be insufficient to pay appellee in full, then the payment of the full amount so realized from said sources will operate as a discharge of appellant from any further liability; or, in the following language of said section 4797, "shall be liable only for the amount so actually realized."

We therefore hold that the trial court erred in awarding the mandatory writ of injunction wherein same exceeds the provisions of said article 4797; therefore that portion of the judgment is corrected to read as follows:

That a mandatory writ of injunction shall issue forthwith, requiring, directing, and commanding appellant, its board of directors, and their successors in office, respectively, at once to order calls for and make and levy one assessment in the sum of $6 on and against each of its class E members for the payment of this judgment, interest, and cost of suit; and, if the amount realized from such assessment shall be insufficient for that purpose, then said parties are directed to pay any balance remaining unpaid on said judgment, interest and cost, out of the amount of appellant's reserve fund and its accretions, as may be on hand for such purpose, to the extent of the amount of such reserve fund that may be required to pay off and discharge said judgment, interest, and cost in full; that said sums of money be paid into the registry of the trial court for the satisfaction of said judgment so soon as returns shall have been had on the assessment made as herein directed against the members of class E of appellant association.

The contention of appellant that the method of payment, provided by article 3, section 4-a, of its by-laws, viz. "to make full indemnity where liability is assumed for death * * * the association will pay Class E * * * members in monthly installments of $50.00 a month for a period of ten years * * * until paid," fix the amount of payment to be made on account of the judgment rendered in favor of appellee on account of the double indemnity benefit certificates recovered upon, in the sum of $100 per month, and that therefore the judgment was erroneous in providing for the payment of said judgment in a lump sum, out of the funds available for that purpose, cannot be sustained, because said by-law is in direct conflict; if not with the plain language, certainly with the spirit and intent, of the provisions of article 4797, supra.

This interpretation of the provisions of said article is limited to the case before us, viz. one resting upon rights asserted by the beneficiary named in the certificate sued upon to recover the full amount contracted to be paid on account of the death of the insured; and we are not to be understood as determining the amount of payment as fixed by said by-law to be made on account of injury sustained by an assured not resulting in death.

All other propositions not herein discussed have been duly considered, and, finding no material error presented, are overruled.

It is therefore ordered that the judgment of the trial court as corrected be, and the same is, affirmed.