## CULWELL v. ST. PAUL FIRE & MARINE INS. CO.

### No. 1375.

Court of Civil Appeals of Texas. Eastland.
Jan. 25, 1935.

Rehearing Denied Feb. 22, 1935.

See, also, 45 S.W.(2d) 347; 62 S.W.(2d) 100.

Smith & Smith, of Anson, for plaintiff in error.

Cox & Hayden, of Abilene, for defendant in error.

**HICKMAN, Chief Justice.**

Before considering the case on its merits, we take notice of the motion of defendant in error to dismiss the appeal. The grounds for such motion are: (1) The transcript does not contain any motion for a new trial; and (2) no assignments of error appear in the transcript. The first ground is not well taken. It is not required of an appellant or plaintiff in error that he file a motion for a new trial. Of course, there are certain questions which must be presented to the trial court in a motion for new trial before we would be authorized to consider same, as, for instance, misconduct of the jury, but, if the trial court has ruled upon a question in the course of the trial, no necessity exists for again invoking his ruling thereon. Phillips Pet. Co. v. Booles (Tex. Com. App.) 276 S. W. 667. Neither is the failure of the transcript to contain assignments of error a ground for dismissing the appeal. By article 1844, as amended by Acts of the 42d Legislature 1931, p. 117, c. 75 (Vernon's Ann. Civ. St. art. 1844), it is provided that assignments of error need not be filed with the clerk of the court below, but may be embodied in the brief in the appellate court. The motion to dismiss the appeal is overruled.

We now consider the assignments of error presented in plaintiff in error's brief. This suit was filed by plaintiff in error against defendant in error upon two policies of fire insurance. It was tried before the court without a jury, resulting in a judgment that plaintiff take nothing. Findings of fact and conclusions of law were filed. The record comes here without a statement of facts, but by proper assignments the correctness of the conclusions of law are challenged.

The court sustained two defenses pleaded by defendant in error, viz., limitation and res judicata. On the question of limitation, the court found that each policy sued upon contained the provision, in substance, that no suit or action thereon should be sustainable "unless commenced within two years and one day next after the fire." The court found that the fire occurred on the 15th day of October, 1930, and that this suit was filed on the 14th day of December, 1933. From these findings the court concluded, as a matter of law, that the limitation provision of two years and one day contained in the policy was valid, and constituted a bar to the prosecution of plaintiff's cause of action.

We cannot agree with this conclusion. The policy attached to the petition contained the provision that "the sum for which this company is liable pursuant to this policy shall be payable 60 days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by this company in accordance with the terms of this policy."

Article 5545, R. S. 1925, reads as follows: "No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement, by reason whereof the time in which to sue thereon is limited to a shorter perior than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State."

The plaintiff could not maintain a suit on the policy until 60 days after furnishing proof of loss. The stipulation that the insured must institute suit within 2 years and 1 day next after the fire clearly limits the time in which to sue to a period substantially less than 2 years, for the right to sue accrued, not on the day of the fire, but, at the earliest, not less than 60 days thereafter. Such a stipulation falls within the condemnation of the statute, and being invalid, the general limitation statutes are applicable, under which suit could be instituted within 4 years. The stipulation which we held to be valid in the case of Commercial Standard Ins. Co. v. Lewallen (Tex. Civ. App.) 46 S.W.(2d) 355, did not undertake to limit the period of time within which suit could be maintained thereon to a period of 2 years and 1 day after the fire, but, as we were careful to point out in that opinion, the limitation was after a "cause of action for the loss accrues."

There is a material difference between the provision of that policy and the provision in the instant case. Had this provision limited the time within which suit could be maintained thereon to a period of 2 years and 1 day after the accrual of the cause of action, such provision would not have fallen within the condemnation of the statute above quoted, and would have been upheld by us as valid and binding. Plaintiff in error contends that our decision in the Lewallen Case is in conflict with a later holding by the Amarillo Court in the case of Taylor v. National Life Ins. Co. (Tex. Civ. App.) 63 S.W.(2d) 1082. We perceive no conflict whatever between the holdings in the two cases. The first assignment of error, complaining that the lower court erred in sustaining the plea of limitation, is sustained.

On the defense of res judicata, the trial court made the following findings of fact:

"The court further finds that a former suit was filed in this court in cause No. 5432, on the civil docket of this court, by the plaintiff herein and his wife, A. E. Culwell, on the same policies sued on in this case, and against the same defendant for the recovery of the same claim, and that judgment was rendered in this court for said plaintiffs for the sum of $2457.00 and that said case was thereafter carried by appeal to the Court of Civil Appeals, at Eastland, Texas, by the defendant, St. Paul Fire & Marine Insurance Company, where the same was affirmed. The court finds that thereafter said defendant carried said case to the Supreme Court of Texas by application for writ of error, which application was granted, and thereafter the Supreme Court reversed the judgment of the trial court and the Court of Civil Appeals, and rendered judgment in favor of the St. Paul Fire & Marine Insurance Company, finally settling the controversy between said parties.

."The court further finds that in said suit, it was alleged that A. E. Culwell was the wife of plaintiff H. E. Culwell, and that she was the owner of the insured property, as her separate property.

"The plaintiff's petition in the instant case discloses that he alleged that said property belonged to his wife, but that he was the manager thereof, and in control thereof, and apparently he sues for the use and benefit of his wife in the instant case.

"Anyway the evidence before me as contained in the statement of facts on the trial of the case which went to the Supreme Court, shows, without controversy, that all of this insured property did belong to the wife of H. E. Culwell, to-wit, Mrs. A. E. Culwell, and there is no allegation in plaintiff's petition in the instant case to the contrary."

From these facts the court made the following conclusion of law: "I conclude as a matter of law that the defendant's plea of res judicata is well taken and should be sustained by virtue of the suit prosecuted by the parties in cause No. 5432, against the same defendants on the same policies, and that same is a bar to the prosecution of the instant suit by the plaintiff."

We sustain this conclusion. The opinion of this court on the former appeal is reported as St. Paul Fire & Marine Ins. Co. v. Culwell, 45 S.W.(2d) 347, and the opinion of the Supreme Court is reported under the same style in 62 S.W.(2d) 100. By the judgment of the Supreme Court Mrs. Culwell recovered $39.75, the amount paid as premiums on the policies, but was denied any recovery on the cause of action asserted on the policies for the loss of the property insured.

The question presented is not whether the judgment rendered in the former case,

·in which Culwell was a party pro forma, would preclude him from later maintaining an action for his own benefit. As pointed out by the trial judge in his findings, the same cause of action is asserted in this suit as that adjudicated in the former suit. The plaintiff's petition still alleges that the property insured belonged to Mrs. Culwell, and the only right upon which he seems to rely for recovery is as a kind of manager of his wife's business. The instant suit seems to have been prosecuted for the benefit of Mrs. Culwell, .and no issue is presented which has not been expressly determined by the judgment of the Supreme Court on the former appeal.

The trial court properly sustained the plea of res judicata, which affords. ample support for the judgment rendered. That judgment will accordingly be affirmed.