HOLSTON et al. v. IMPLEMENT DEALERS MUT. FIRE INS. CO.

No. 14318.

United States Court of Appeals
Fifth Circuit.

Aug. 6, 1953.

BORAH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Northern District of Texas dismissing on motion of the appellee an action brought by the appellants to recover the face amount of a policy of fire insurance which covered, as endorsed, "contents" of a building located in Dallas, Texas.

The complaint, which was filed on July 28, 1952, alleged that appellee issued to appellants on November 25, 1947, its fire insurance policy in the sum of $10,000 and that thereafter all premiums becoming due thereon were paid; that on July 31, 1948, while the policy was in full force and effect the building and its contents valued in excess of $10,000 were destroyed by fire; that proof of loss was made in accordance with the terms of the policy and despite compliance with all the requirements of the policy appellee failed and refused to pay the loss.

█ It appearing on the face of the complaint from the insurance policy which was a part of the motion papers filed by defendant that suit was not filed within two years and one day after the cause of action occurred, the District Court on motion dismissed the suit on the ground that it was barred by the limitation period prescribed by the policy. [1] Appellants do not deny that the cause of action they allege occurred more than two years and one day before this suit was commenced nor do they deny that their action would be barred if the policy provision is valid. They do not raise these issues but level their attack against the two year and one day period of limitation prescribed by the policy claiming that it is invalid and unenforceable for the reason that it falls within the condemnation of Article 5545, Vernon's Ann.Civ. St., which provides:

"No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement, by reason

Donald V. Yarborough, Dallas, Tex., White & Yarborough, Dallas, Tex., for appellants.

Dan Rogers, Dallas, Tex., Dan Rogers, Thompson, Knight, Wright & Simmons, Dallas, Tex., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

---

1. The policy provided: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years and one day next after cause of action occurs."

whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State. Acts 1891, p. 20; G.L. vol. 10, p. 22."

On the basis of this erroneous premise it is next argued that the four year statute of limitation governs the case. Article 5527, Vernon's Ann.Civ.St.[2]

We think it plain that the limitation period prescribed by the policy is not rendered invalid and unenforceable by Article 5545. Obviously, two years and one day is not a shorter period than two years. The clear meaning of the statute is that the plaintiff must be given at least two years after the accrual of his cause of action within which to file suit. The statute simply declares that it is the public policy of the State that a two year period of limitation is a reasonable period. It permits the parties to limit by contract the time within which suit may be brought, provided such period be not shorter than two years, and the provision in the policy limiting the time to sue to two years and one day is valid and binding. Such has been the construction given to the statute by the. Texas Courts in upholding its validity. Commercial Standard Insurance Co. v. Lewallen, Tex.Civ.App., 46 S.W.2d 355; Culwell v. St. Paul Fire & Marine Insurance Co., Tex.Civ.App., 79 S.W.2d 914; Southern Surety Co. v. Austin, 5 Cir., 22 F.2d 881; 24 Tex.Jur. 1128; 28 Tex.Jur. 93.

■ Appellants further contend that a contractual period of limitation shorter than the four year statute[3] applicable to written contracts generally is invalid as against public policy, even though it is longer than the minimum two year period prescribed by Article 5545. We know of no Texas decision that so holds and certain it is that none has been cited. The public policy of Texas as regards the validity of contractual limitations shorter than the general period of limitations is exemplified in the early case of Merchants Mut. Insurance Co. v. Lacroix, 35 Tex. 249, which was decided before the enactment of Article 5545. There the fire insurance policy in suit provided that all claims under it were barred unless presented within one year from the date of the loss and the court held: "Such a contract in a policy of insurance is not against public policy, nor is it merged in the general limitation laws of the State." The rule that parties may contract for a period of limitation shorter than the general statutory period so long as the contractual period was reasonable was not affected by the enactment of Article 5545. All that article did was to prescribe that a two year period of limitation is a reasonable period. In thus inhibiting parties from contracting for a shorter period within which to sue the statute by clear implication approves the validity of contractual periods of limitation longer than two years. The cases to which we have averted, all of which were decided subsequent to the enactment of this statute, clearly indicate that the public policy permits contractual periods of limitation shorter than four years.

■ Finally, appellants argue that their violation of the provision of the policy which requires suit to be commenced within two years and one day after the cause of action accrued comes within the purview of Article 6.14 of the Insurance Code of Texas[4] and their violation of this provi-

---

2. Article 5527 provides in part as follows:
"There shall be commenced and prosecuted within four years after the cause of action shall have [occurred], and not afterward, all actions or suits in court of the following description:
"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

3. See footnote 2.

4. Art. 6.14, V.A.T.S. Insurance Code, reads as follows:
"No breach or violation by the insured of any warranty, condition or provision of any fire insurance policy, contract of insurance, or applications therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless ·such breach or violation contributed to bring about the destruction of the prop-

sion is not available as a defense to appellee because such violation did not contribute to bring about the destruction of the property. We do not at all agree. The statute invoked by appellant has no application to the breach by the insured of the limitation provision of the policy. Its purpose was to prevent insurance companies from avoiding liability under technical provisions of their policies where the act of the insured breaching such a technical provision did not contribute to bring about the loss. The statute is not applicable to all provisions of the insurance policy. It has no application to a breach of those provisions of a policy which are material to the risk, but a violation of which could not, from their very nature, contribute to bring about the destruction of the property. Accordingly we hold that the limitation provision of the policy in suit is not of the class embraced within the act invoked, and is therefore not within its purview. McPherson v. Camden Fire Ins. Co., Tex.Com. App., 222 S.W. 211; Citizens State Bank v. American Fire and Casualty Co., 5 Cir., 198 F.2d 57.

The judgment of the District Court was right and it is

Affirmed.

erty. Acts 1951, 52nd Leg. ch. 491." Art. 6.14 is based on Art. 4930. R.S.1925,

Acts 1913, p. 194, Acts 1927, 40th Leg. p. 48, ch. 33, § 1, without change.