**NATIONAL MILITARY MUTUAL LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Rufus CROSS, Appellee.**

**No. 52.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 30, 1964.

George A Lynn, Lufkin, for appellant.

Victor R. Blaine, Houston, for appellee.

GREEN, Chief Justice.

Appellee was injured and his wife was killed in an automobile accident on December 23, 1959. This suit was filed to recover under the provisions of a Group Policy hereinafter described, and two certificates of insurance issued to appellee and his wife pursuant to said Group Policy. The trial was to the court without a jury. Judgment was rendered for appellee. No findings of fact or conclusions of law were requested or filed. The sole issues on this appeal are: (1) Did appellee and his wife have insurance coverage with appellant as sued for at the time of the accident on December 23, 1959? (2) Was the suit timely filed under the provisions of the policies and the applicable statutes?

On March 21, 1959, appellant issued and delivered to Statewide Automobile Association, Houston, Texas, its Group Policy No. 0142–B, being appellee's Exhibit No. 1, which reads in part as follows:

"IN CONSIDERATION OF the payment of the premium as herein provided, and subject to the provisions, conditions and limitations herein contained, National Military Mutual Life Insurance Company does hereby insure the eligible members (hereinafter called the Insured) of the STATEWIDE AUTOMOBILE ASSOCIATION, HOUSTON, TEXAS, AGAINST loss resulting from bodily injuries sustained through accidental means as limited and described below * * *."

On October 17, 1959, appellee and wife became members of Statewide Automobile Association, with the understanding that he would pay their dues, which included insurance premium for both under the above Group Policy, by installments. Though there is a conflict in the evidence, appellee testified that he fully paid up all dues for the two memberships by the 15th of the next month and that both he and his wife became eligible for coverage under the provisions of said Group Policy. Evans, the manager of the Automobile Association in 1959, testified that when a member paid up his dues so as to become eligible, a company check with an application for a certificate of in-

surance under the Group Policy was sent by Evans to appellant, and a certificate was mailed to him with coverage for the member as provided by the Group Policy, said certificate to be back dated to the time of the member's eligibility. He further testified that it was understood between the association and the insurance company that all eligible members of the association were covered by said Group Policy from the date they became eligible members.

Appellee introduced in evidence as his exhibits (2) and (3) two certificates of insurance executed and delivered by appellant. Exhibit No. 2, being National Military Life Insurance Company Certificate No. 3–181, certifies that Rufus Cross is an eligible member of Statewide Automobile Association, Houston, Texas, and is insured subject to the provisions of its Group Policy "for the period of one year, beginning at 12:00 o'clock Noon the 17th day of October, 1959 * * *." and names Johnnie Cross, wife, as beneficiary in case of loss of life. Exhibit No. 3, being appellant's Certificate No. 3–182, contains exactly the same provisions, except that Johnnie Cross is the insured eligible member, and Rufus Cross, husband, is named as beneficiary in case of loss of life.

Appellant contends by its Point No. 1 that the evidence establishes as a matter of law that appellee and his wife were not covered by this insurance at the time of their accident on December 23, 1959. It is appellant's contention that the undisputed evidence shows that no application for the issuance of the insurance certificates was made to appellant until December 28, 1959, and that the certificates were not issued at the time of the accident, but were in fact issued and delivered not earlier than December 29, 1959, after the happening of the said accident to appellee and his wife. Appellant, to support this contention, relies upon appellant's Exhibit No. 1, an instrument purporting to be dated December 28, 1959, and which appellee's witness, Evans, on cross-examination testified appeared to be either the application or similar to the application

he sent to appellant for the certificates to be issued to appellee and his wife after their dues had been paid. Evans had no recollection as to the actual date of the application which he sent in. Appellant's said Exhibit No. 1 showed that the Cross memberships in the automobile association started October 17, 1959. Appellee, Rufus Cross, testified that he had fully paid up the dues for himself and his wife by November 15, 1959. Evans testified definitely, while being questioned about appellant's Exhibit No. 1, that appellant insurance company had filled in the certificates, including the commencing date of October 17, 1959, shown thereon, and that it was the understanding of the parties, including appellant, that the coverage began October 17, 1959, the date of appellee's original membership. As stated by Evans on cross-examination by appellant's attorney:

"This is a special type of coverage and the policies are back dated, and evidently the policy is dated that date, from the date that the—the man has coverage from that date (meaning October 17, 1959, as indicated) regardless of when it was submitted or when it was issued. That was the understanding that we had. Otherwise, they wouldn't back date it. It wouldn't make sense."

■ The case having been heard by the trial judge without a jury, and there being no findings of facts or conclusions of law, we must pass on the testimony in the light most favorable to the appellee, and indulge every reasonable inference in support of the judgment. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; A. F. Drexler v. Architectural & Commercial Sales, Tex.Civ.App., 375 S.W.2d 550, n. w. h.; Pablo Rosales v. Josefina A. Rosales, Tex.Civ.App., 377 S.W.2d 661, n. w. h.

■ The best that can be said for appellant's contention is that an issue of fact was

created for the decision of the court. The fact that the certificates themselves expressly provided that they were for the period of one year, beginning October 17, 1959, constituted evidence of probative value that appellee and his wife were covered by insurance on December 23, 1959, the date of the accident. This, with the testimony of Evans that it was the understanding of the parties that the coverage under the Group Policy would start from the time the members became eligible by full payment of dues, plus appellee's testimony that all of his dues, both for himself and his wife, were fully paid by November 15, 1959, were sufficient to justify the implied finding of the trial court that the appellee and his wife had coverage at the time of the accident in question.

Appellant by his second point submits that the trial court erred in rendering judgment for appellee because it is the uncontradicted evidence that the suit was originally filed more than two years and ninety days after the date of the occurrence of the loss complained of. In this connection appellant relies on two provisions of its Group Policy issued to Statewide Automobile Association, plead as a defense by appellant, and reading as follows:

"9. LEGAL ACTION.

(a) No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years after the expiration of the time within which proof of loss is required by the policy.

"12. PROOF OF LOSS.

Affirmative proof of loss must be furnished to the Company at its said office within ninety days after the date of loss for which claim is made."

The accident made the basis of this suit occurred December 23, 1959. The suit was filed December 5, 1962. If the above provision 9(a) of the policy is valid, the case was filed too late, and appellant's second point should be sustained. But such provision is not valid, as it is in conflict with Article 5545, Vernon's Ann.Tex.Civ.St., which provides:

"No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement, by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State."

Under provision 9(a) of the Policy, the insured is not permitted to file suit until sixty days after proof of loss is filed, but must file suit, not within two years after this sixty days have passed, but within two years from the expiration of the time within which proof of loss is required. Thus the time given the holder of the policy in which to file suit is limited to a period of twenty two months, or two months short of the two years required to be given under the provisions of Article 5545, supra. The provision being invalid and void, the four year statute of limitations, Article 5527, V.A.T.S. governs. Culwell v. St. Paul Fire & Marine Ins. Co., Tex.Civ.App., 1935, 79 S.W.2d 914, writ dism.; American Surety Co. of New York v. Martinez, Tex.Civ.App., 1934, 73 S.W.2d 109, writ ref.; Fire Ass'n of Philadelphia v. Richards, Tex.Civ.App., 1915, 179 S.W. 926; Taylor v. National Life & Accident Ins. Co., Tex.Civ.App., 1933, 63 S.W.2d 1082, writ dism.; Benefit Ass'n of Ry. Employees v. O'Gorman, Tex.Civ.App., 1946, 195 S.W.2d 215, writ ref., n. r. e.; 32 Tex.Jur.2d, Insurance, § 395, page 609, et seq.

Appellant cites as authority for his argument two cases in which a provision in a written contract requiring suit to be brought

within two years of the accrual of the cause of action was upheld as not being in violation of Article 5545, V.A.T.S. Holston v. Implement Dealers Mut. Fire Ins. Co., 5 Cir., 206 F.2d 682; Texas & P. Ry. Co. v. Langbehn, Tex.Civ.App., 1912, 150 S.W. 1188. For the distinction between such provision and the one in the instant case, read the opinion of Judge Hickman delivered while he was Chief Justice of the Eastland Court of Civil Appeals in Culwell v. St. Paul Fire & Marine Ins. Co., supra.

These being the only points of error raised by appellant in its brief, and both being overruled, the judgment is affirmed.