PORT ARTHUR TOWING COMPANY,
Plaintiff-Appellee,

v.

MISSION INSURANCE COMPANY,
Defendant-Appellant.

No. 78–2731.

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 1980.

---

Ashton R. O'Dwyer, Jr., New Orleans, La., for defendant-appellant.

Long & Parker, Carl A. Parker, Port Arthur, Tex., for plaintiff-appellee.

Before FAY, KRAVITCH and RANDALL, Circuit Judges.

KRAVITCH, Circuit Judge:

In this diversity action the district court rendered judgment for the plaintiff-appellee based upon an insurance contract with the appellant. Because the action was commenced after the contractually provided limitations period, however, we reverse.

On December 31, 1973, the Mission Insurance Company (Mission) issued an insurance policy to Port Arthur Towing Company (Port Arthur) covering damages to scheduled vessels. The contract was executed in Port Arthur, Texas. It specifically provided for limitations on actions to recover under the policy by stating in pertinent part:

> It is a condition of this policy that no suit, action, or proceeding for the recovery of any claim for physical loss of or damage to the vessel named herein shall be maintainable in any court of law or equity unless the same be commenced within twelve (12) months next after the calendar date of the physical loss or damage out of which the said claim arose. Provided, however, that if, by the laws of the state within which this policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such state, to be fixed herein.

On December 3, 1976, Port Arthur brought suit pursuant to the policy for damages to a scheduled vessel resulting from a grounding. In its pleadings Port Arthur claimed the date of the grounding to be June 12, 1974. After responsive pleadings in which liability was denied,[1] Mission filed a motion for dismissal/summary judgment arguing that the suit was time barred by the applicable portion of the policy quoted above. The district court denied the motion holding that the policy limitation was void under Texas law; and because the claim was filed well within the four-year Texas statute of limitations for actions sounding in contract contained in Tex.Rev.Civ.Stat. Ann. art. 5527 (Vernon),[2] the suit was not barred. The appellant Mission appeals this holding.

---

1. It is unnecessary for us to reach appellant's second ground of appeal, insufficiency of evidence. Below, Mission argued that the damages assessed reflected not only the June 12, 1974 grounding, but also four subsequent ones which occurred *before* the vessel was inspected.

2. Article 5527(1) provides:

There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing.

Because this is a diversity action and the contract was executed in Texas, both parties acknowledge that Texas law governs. Moreover, as the district court held and appellant concedes, the twelve-month period provided by the policy is void under the laws of Tex. Tex.Rev.Civ.Stat.Ann. art. 5545 (Vernon) provides:

No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract or agreement for any such shorter limitation in which to sue shall ever be valid in this state.

Despite its concession that the twelve-month period is void, the appellant contends that clause in the policy providing that "if, by the laws of the state within which this policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such state, to be fixed herein," renders a two-year period applicable because article 5545 fixes two years as the "shortest limit of time permitted."

This precise issue has not been addressed by the Texas Courts. The closest Texas authority is *American Surety Co. of New York v. Blaine*, 272 S.W. 828 (Tex.Civ.App. 1925). *Blaine* involved an action on an insurance contract for the theft of jewelry. The theft had occurred more than two years prior to the commencement of the action. The policy stipulated a one-year period of limitations, but further provided that:

If any limitation of time . . . for any legal proceeding herein contained is at variance with any specific statutory provision in relation thereto, in force in the state in which the premises of the assured as herein described are located, such specific statutory provisions shall supersede any condition in this contract inconsistent therewith.

Article 5713,[3] the predecessor statute to article 5545, similarly invalidated a contractual limitation period shorter than two years. The court in *Blaine* rejected the insurance company's argument that a two-year period applied, reasoning that the contract was quite clear that if the contractual limitation provision was void, the *statutory* period would prevail. In arriving at its holding, the court stated that although perhaps the insurance company intended that the shortest period possible govern, it failed to so contract. The language of the court implied that had this intent been clearly manifest in the contract, a different result would follow.[4]

The only authority referred to us directly on point, although non-binding, is a Massachusetts case, *Barton v. Automobile Insurance Co. of Hartford*, 309 Mass. 128, 34 N.E.2d 516 (1941). As in the instant case, the insurance policy contained a twelve-month bar. Like the instant case and unlike *Blaine*, however, the contract specifically provided that the shortest time period

---

**3.** At the time of the loss in *Blaine, supra*, Tex. Rev.Civ.Stat.Ann. art. 5713 (Vernon) provided as follows:

It shall be unlawful for any person, firm, corporation, association, or combination of whatsoever kind to enter into any stipulation, contract or agreement, by reason whereof the time in which to sue thereon is limited to a shorter period than 2 years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this state.

**4.** The court stated:

It is argued that the "effort of the policy writer" was "to make the period of limitation one year," and, if that could not be done, to

make it "the shortest [quoting] permissible under our law"—meaning the statute set out above. Perhaps the effort was as stated, but the stipulation was that, if the limitation of one year therein provided for was at "variance with any specific statutory provision in relation thereto," it should be superseded by such specific statutory provision. The "specific statutory provision" applicable to appellee's suit was that contained in article 5688, Vernon's Statutes, requiring actions "founded upon any contract in writing" to be commenced "within four years after the cause of action shall have accrued."

272 S.W. at 829.

allowed by the state law govern if the twelve-month provision was void. Under Massachusetts law the shortest period permitted was two years. The Massachusetts Supreme Court held that the two-year period applied, reasoning that although the twelve-month limitation was void, the provision concerning the application of the shortest period of limitations was independent and was sufficient to trigger the permissible two-year time bar.

Because the instant situation is not covered by *Blaine*, it is our task to predict what the Supreme Court of Texas would do. Based upon the language of *Blaine*,[5] we believe the Supreme Court of Texas would follow the rule announced in *Barton* and hold that the applicable period of limitations is the two-year one permitted by article 5545.[6] Accordingly, we REVERSE.

FAY, Circuit Judge, dissenting:

With great respect and affection for my sisters, I dissent. Under Texas law prevailing at the time Mission issued the contested policy, any contractual attempt to foreshorten the claim period to a time less than two years rendered the limitation clause void. Tex.Rev.Civ.Stat.Ann. art. 5545 (Vernon 1958). At the time it issued the policy, Mission knew that their standard clause limiting the claim period to twelve months was void in Texas. To reinstate a valid claim period limitation, Mission could have added to Port Arthur's policy a specific endorsement limiting the claim period to a specific and lawful time. Instead, Mission relied on a standard contractual provision fixing the claim period limitation at "the shortest limit of time permitted by the laws of [Texas]." The policy never made any more specific reference to the Texas limitations statute that Mission deemed applicable.

In previous cases, Texas courts have indicated that specificity is important when matter extraneous to the contract is incorporated by reference. *See, e.g., Southern Travelers' Association v. Cole,* 45 S.W.2d 675 (Tex.Civ.App.—Dallas 1931) (holding unenforceable a policy provision incorporating by reference the insurer's by-laws). Certainly the limitations clause here does not specify which Texas statute Mission was attempting to incorporate. Moreover, I do not find any dicta in *American Surety Co. of New York v. Blaine,* 272 S.W. 828 (Tex.Civ.App.—Texarkana 1925), to be persuasive precedent for finding Tex.Rev.Civ. Ann. art. 5545 (Vernon 1958) the plainly applicable section. The *Blaine* court held only that the four-year statutory limitations period applied because the insurance contract provided for specifically applicable statutory provisions to supersede contrary contractual provisions. The court did restate the insurer's appellate contention that it had intended the shortest lawful limitation to apply; but the court never indicated that even a manifest intent to incorporate the statutory minimum would be valid absent explicit reference to the precise law the insurer wished to incorporate. Only by extended implication can the conclusion be reached that a less explicit reference would have met the *Blaine* court's approval. I would not hold that Mission's vague reference to the "shortest limit of time permitted by the laws of [Texas]" gave Port Arthur clear notice of the limitations period Mission deemed applicable.

Tex.Rev.Stat.Ann. art. 5545 (Vernon 1958) does ostensibly fix the minimum claims limitation at two years. Even had Port Arthur guessed that Mission intended this statute to govern, however, it would have had little guidance in determining the actual deadline it faced. Over the years,

---

**5.** *See* n. 4 *supra.*

**6.** We are mindful that it is axiomatic that ambiguities in an insurance contract are generally to be resolved in favor of the insured. 4 Appleman Insurance Law and Practice § 2292 (1969). Whether an ambiguity exists in the instant policy was neither raised nor argued on appeal. We note, however, that the contractual provi-

sion was quite clear in requiring that "such action or proceeding be commenced within the shortest limit of time permitted" by Texas. Texas law also clearly "permits" two years as the shortest limitation period. Moreover, *Blaine* implies that such an intent clearly manifested would be given force. *See* n. 4 *supra.*

this court and Texas courts have shaded the statutory boundaries of the minimum limitation period until the borders are blurred. Some courts have found unlawful limitations periods of two years and a day, because, under the policy, time began to run before the proof or notice of loss period expired, during which time the insured could not sue. *E.g., National Military Mutual Life Insurance Co. v. Cross*, 379 S.W.2d 96 (Tex.Civ.App.—Corpus Christi 1964); *Southern Travelers' Association v. Cole*, 45 S.W.2d 675 (Tex.Civ.App.—Dallas 1931). Many courts have approved deadlines of two years and one day without discussing whether a flat two-year deadline would be unlawful. *E.g., Culwell v. St. Paul Fire & Marine Ins. Co.*, 79 S.W.2d 914 (Tex.Civ. App.—Eastland 1935). This court, however, has suggested that a two-year deadline would be appropriate. *Holston v. Implement Dealers Mutual Fire Insurance Co.*, 206 F.2d 682, 684 (5th Cir. 1953).

Specificity becomes crucial at the fringes of the claim period. Because courts have not sharply defined the outer bounds of the state's minimum limitation period, I am reluctant to hold the present claim time-barred. Rather, I would hold that a statutory provision sufficiently lacking in precision to give Texas courts pause, as to both its applicability and meaning, renders vague any contract clause which incorporates it by reference. Vagueness in a contractual provision must be construed against the contract's drafter. *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth*, 578 S.W.2d 109, 115 (Tex. 1978). Accordingly, I would find that the abbreviated limitations period is unlawful and that Texas' general limitations statute for contract disputes, Tex.Rev.Civ.Stat.Ann. art. 5527 (Vernon 1958), should therefore apply. *See National Military Mutual Life Insurance Co. v. Cross*, 379 S.W.2d 96, 99 (Tex. Civ.App.—Corpus Christi 1964). The claim against Mission having been filed well within the four-year period fixed under section 5527, it should not be time-barred.

Moreover, I would find that the record evidences sufficient proof to support the trial court's verdict. Accordingly, I would affirm.