AMERICAN NATIONAL INSURANCE COMPANY V. MRS. KATE TABOR.

No. 2851.   Decided April 20, 1921.

(230 S. W., 397.)

1.—Certified Question.

The Court of Civil Appeals may certify to the Supreme Court, under Article 1619, Revised Statutes, because deemed advisable by it, a question arising in a case in which its own jurisdiction is final, and which it was therefore not required by Article 1620 to certify because of dissent. Wallis v. Stuart, 92 Texas, 572, followed. (P. 158).

2.—Insurance—Life—Policy Incontestible After Two Years.

A clause in a life insurance policy making same incontestible after ·two years "except for fraud" will not suffice to enable the insurer to avail of such exception, since the same is prohibited by subdivision 3 of Article 4741, Revised Statutes, which permits only nonpayment of premiums or violation of provisions as to military or naval service to constitute exceptions to the requirement that the policy be incontestible after such period. (P. 159).

3.—Insurance—Misstatement of Age—Statute—Policy.

The statute (subdivision 5 of Article 4741, Revised Statutes) permits the insertion in a policy of a provision that if the age of insured has been understated the amount payable under the policy shall be such as the premium paid would have purchased at the correct age. A policy not following this language, but permitting such reduction in amount "if the age of the

insured is not correctly stated herein." operates only in case of misstatement of the age in the policy itself.   (P. 159).

### 4.—Same—Statute and Contract.

The statute does not prescribe the forms of policies, and while insurance companies, in placing certain forms of policies on the market, could not change or evade obligations which it imposes on them, they may leave clauses authorized for their benefit less to their advantage than would be permissible under the statute.   (P. 160).

### 5.—Illegal Contract—Validity—Penalty.

Where a contract is prohibited by statute under penalty, but not declared void if made in contravention, it is reasonably implied that only the statutory penalty is to be applied, and that where this is imposed only on one of the parties, they are not to be held *in pari delicto,* and the other party is not precluded from enforcing the contract.   (Pp. 160, 161).

### 6.—Discrimination in Insurance Rate.

Article 4954, Revised Statutes, which forbids any discrimination with respect to premiums charged for insurance, does not pronounce a policy contravening such prohibition void, and imposes penalties for its violation only on the insurer, treating the parties as not *in pari delicto.*   The statutory penalty seems to be considered sufficient to secure the enforcement of the provision.   A policy which provided for a greater recovery than was warranted by the age and premium rate of the insured was not by the statute made incapable of enforcement by him.   (Pp. 160 162).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Mrs. Tabor sued the Insurance Company and recovered judgment which was affirmed on appeal with dissenting opinion.   The questions involved were thereupon certified to the Supreme Court.

*Lattimore, Cummings, Doyle & Bouldin,* for appellant.—When the age of the insured is under stated, the only amount to which his beneficiary is entitled, is the amount which the rate of premium paid would purchase at the true age.   The Statutes of Texas, the express provisions of this policy, and the undisputed facts in evidence, make the amount due by appellant the sum of $85.00.

The law does not permit an insurance company to discriminate in the issuance of policies and a policy issued for $210.00 on the life of a person 64 years of age, upon payment of 25 cents per week, is contrary to the law and void.   Section 5, Article 4741, Vernon's Sayles' Civil Statutes, 1914; Article 4954, Vernon's Sayles' Civil Statutes, 1914.

*Martin & Smith* and *W. C. Prewitt,* for appellee.

As the testimony warranted the jury to find that assured's age was not understated, and they so found, and the testimony warranted it in finding, and it did find, that appellant knew that assured's age was 64, more than 90 days prior to his death, it was

incumbent on appellant to require assured to pay an increased premium, or discontinue his insurance, and appellant, if its pleadings had authorized it, could have required an abatement of amount to be recovered to the extent of the amount of the difference in premiums from that charged and the amount that should have been charged. Lowenstein v. Old Colony Life Ins. Co., 166 S. W., 893.

If the statute of Texas intended to make such contracts void, it should have provided for same in specific terms, and as it did not, the courts will not so consider it.'' Article 4741,. Sec. 22, Par. 5, Rev. Civ. Stats. of Texas, 1911; Article 4948 Rev. Civ. Stats. 1911; McNaughton v. Des Moines Life Ins. Co., 140 Wis. 214, 111 N. W., 609; Rideout v. Mars, 99 Miss., 199; Amarillo National L. Ins. Co. v. Brown, 166 S. W., 663; Morrison v. Insurance Co., 69 Texas 353; Insurance Co. v. Lee, 73 Texas, 641; Insurance Co. v. Griffin, 59 Texas, 513-514; National Bank v. Whitney, 103 U. S. 99.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The facts stated in the certificate of the Honorable Court of Civil Appeals may be summarized as follows:

Appellant issued a policy of insurance on the life of Edward L. Tabor, for $210.00, payable to appellee, his wife, bearing date March 6, 1911. The policy stipulated for weekly payments of premium; in the sum of twenty-five cents each. The age of Edward L. Tabor was shown on the face of the policy as 64 years.

According to appellant's insurance rates, a weekly premium of twenty-five cents would purchase insurance in the sum of $210.00 upon the life of a person at the age of forty-eight years, and would purchase insurance in the sum of only $85.00 upon the life of a person at the age of 64 years. The correct age of Edward L. Tabor was 64 years.

The policy contained these stipulations:

If the age of the insured is not correctly stated herein no greater amount will be paid than the premium herein would have purchased at the true age.''

''This policy shall be incontestible after two years from its date of issue for the amount due provided premiums have been duly paid, except for fraud.''

Edward L. Tabor died on April 2, 1913, having paid all installments of premium on his policy at the rate of twenty-five cents per week.

Appellee sued appellant to recover the insurance of $210.00, besides interest, penalty and attorney's fee.

Appellant tendered $85.00 in discharge of its obligation under the policy, averring that Edward L. Tabor had stated his age to be 48 years in his application for insurance, that the policy was issued by appellant in reliance on that statement; that the policy, as

issued, showed the age of Edward L. Tabor to be 48 years, and that the policy was afterwards fraudulently changed in such a way as to show the insured's age to be 64 years.

In· replication to the facts set up by appellant, appellee plead that appellant knew when it issued the policy and when it accepted premium payments that the policy showed Edward L. Tabor to be 64 years of age,. and that the policy was incontestable on any ground relied on by appellant at the date of the death of the insured.

The case was tried by a jury who returned a special verdict to the effect that the age 64 was written in the policy when it was delivered by appellant's agent to the insured; that the jury did know whether the insured's age was stated to be 48 years in the application on which the policy was issued, and that the age of the insured was not understated in the policy.

The trial court rendered judgment for appellee against appellant for $210.00, interest, penalty and attorney's fee. The Court of Civil Appeals first reformed the judgment of the trial court, so as to allow appellee to recover only $85.00. On rehearing, the trial court's judgment was affirmed, Associate Justice Dunklin dissenting.

As we construe the certificate, the question propounded to us is: Had the policy become incontestable for $210.00 under subdivision 3, of Article 4741 of the Revised Statutes; or, was the policy unenforceable for any greater amount than the premiums paid would have purchased at the insured's true age, by reason of the prohibition in Article 4954 against discrimination among policy holders in charges for insurance?

Appellee filed a motion to dismiss the certificate upon the ground that Article 1620 of the Revised Statutes did not authorize the Court of Civil Appeals to certify a point of dissent in cases of which that court was given final jurisdiction. The motion was overruled, because we were advised by the Court of Civil Appeals that the question of law which was certified was one which the court deemed it advisable to present, under Article 1619, to the Supreme Court for its adjudication. Our authority to answer such a question is established by the settled construction of the statutes, though the case in which the question arises falls within the final jurisdiction of the Court of Civil Appeals. Wallis v. Stuart, 92 Texas, 572, 50 S. W., 567.

Among the provisions which the Legislature has required to be substantially included in policies of life insurance, to be issued or delivered in this state, or to be issued by life insurance companies organized under the laws of the state, are:

"3. A provision that the policy, or policy and application, shall · constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for non-

payment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war.''

''5. A provision that, if the age of the insured has been understated, the amount payable under the policy shall be such as the premium paid would have purchased at the correct age.'' Rev. Stats., Art. 4741.

The policy before us departs from subdivision 3 in that it allows the insurer to contest same for fraud, after two years, though all premiums have been paid. It was the obvious purpose of subdivision 3 to prescribe two years as a maximum period of limitation, after which no defense should be allowed to defeat payment of the policy, except non-payment of premiums, or violations of conditions relative to naval or military services during war. The subdivision allows the insuring company to fix a period of time, not to exceed two years, during which it may make fully available to itself all the legal consequences of fraud, which ought to be discovered through the exercise of proper diligence; but, after the expiration of the period fixed, the subdivision eliminates all defences, save those specially mentioned.

The parties could not, by contract, put something into the policy, which was repugnant to the mandatory statute, and thus destroy a benefit to the insured, which the statute was designed to guarantee. Hence, the attempted reservation by the insurer of the right to interpose fraud by way of defense to a suit to enforce payment of the policy after it had been issued more than two years was void.

If the policy had accurately followed subdivision 5 of Article 4741, this case might be determined on different considerations than those which must control in answering the certified question. Subdivision 5 authorized the insertion in the policy of a provision reducing the amount payable thereunder to what the premium paid would have purchased at the true age of the insured, if such age had been understated. The jury found that they did not know whether the insured had understated his age, and also found that there was no understatement of age on the face of the policy. The policy provides for a reduction in the amount of the insurance only in the event the age of the insured was not correctly stated therein. Hence, according to the jury's finding that the policy did not understate the age of Edward L. Tabor, there was nothing in the terms of the policy to authorize a reduction in the amount payable to appellee.

The Legislature has not prescribed standard forms for policies. It has instead allowed each company to place on the market such forms of policies as it may desire, on being filed or approved by the Insurance Commissioner, provided only that such forms shall not

carry certain provisions and shall "substantially" contain certain other provisions. While it is not within the power of insurance companies, in placing policies in certain forms on the market, to materially change or evade the obligations imposed on them, by statute, for the protection and advantage of the insured and of their beneficiaries, yet we believe the insurance companies are bound by modifications of the insurance contract which they have voluntarily made, and which have no other effect than to leave clauses, authorized for their own benefit, somewhat less to their advantage than would be permissible under the statutes. New York Life Insurance Co. v. Hardison, 199 Mass., 194, 195, 127 Am. St., 478; Mutual Benefit Life Ins. Co. v. Comr. of Insurance, 151 Mich., 615; 1 Joyce on Insurance (2nd Ed.), sec. 194 (g). Appellant therefore failed to show itself entitled to defeat or reduce appellee's demand by reason of any understatement of Edward L. Tabor's age, not appearing in the policy, after the policy had been in force more than two years, unless it did so by virtue of the operation of Article 4954 of the Revised Statutes.

Article 4954 forbids any insurance company doing business in Texas to make or permit any discrimination in favor of one person against others with respect to premiums charged for life insurance. Any company or agent violating the article is guilty of a misdemeanor and is subject to punishment by fine under Article 416c, White's Penal Code. As additional penalty, the Company's certificate of authority to do business in the State and the agent's license for one year may be forfeited.

It is the contention of appellant that the effect of Article 4954 is to render void, or at least unenforceable for its full amount, a life insurance policy, issued in this state, to one aged sixty-four years at the premium rate for one aged forty-eight years. Such a policy contract does contravene the prohibition against discriminations between policy holders; but it does not necessarily follow that the courts will adjudge it void or refuse to enforce it. The effect of the statute on the forbidden contract depends on the legislative intent.

The statute does not denounce as void any policy which violates its terms. The expressly declared consequences of infractions of the statute appear to be ample to secure its obedient observance. The Supreme Court of the United States was of the opinion that where this was true, it was the reasonable implication that the Legislature meant for only the statutory remedies to be applied, and did not mean for courts to refuse to enforce contracts, which were not declared void or unenforceable, though in contravention of the statute. Harris v. Runnels, 12 How. 41.

The language of the statute shows that the Legislature did not regard the insured and the insurer as *in pari delicto* in making

the contracts sought to be prevented. The insurer and the insurer's agents are alone to be punished, and are alone expressly subjected to forfeiture. The command to refrain from the discriminatory acts is adressed to. the insurance companies alone.

We sanction the declaration of Judge Selden, quoted with approval in a recent opinion of the New York Court of Appeals, that "it is safe to assume that whenever the statute imposes a penalty upon one party, and none upon the other, they are not to be regarded as *par delictum.*" Tracy v. Talmage, 14 N. Y., 162, 67 Am. Dec. 145; Irvin v. Currie, 171 N. Y., 409, 58 L. R. A. 832.

It would not be in accord with either the public policy declared by the act wherein the statute is found or the ends of justice to permit insurance companies to issue discriminatory policies of life insurance and collect and retain the premiums thereon and to then refuse payment after the death of the insured.

The rule is established that a court of equity will not withhold relief where it is necessary in the interest of justice and of sound public policy to enforce a contract, which is inhibited by statute but is not declared void and is not otherwise open to attack, provided the parties are not *in pari delicto,* and he who is least culpable seeks relief. 1 Pomeroy's Equity Jurisprudence, (3rd Ed.) sec. 403.

A legislative purpose to have Article 4954 render discriminatory policies void is conclusively negatived by the provisions of Article 4741, being a subsequent section in the same act, declaring the policy incontestable after two years on such a ground, and authorizing the insurer to insert a clause in the policy whereby the amount payable might be reduced to conform to that rightly purchasable by the premiums paid.

It seems to us that the clear intent of the law is accomplished by visiting upon the insurer or agent, who violates Article 4954 the punishment and penalty there prescribed; and by requiring the reduction specified in subdivison 5 of Article 4741, when the insurer has availed himself of the authorization to write the stipulation therefor into the policy; and, by upholding the validity of the policy which may have prevented the insured from making other provision for his dependents in the event of death.

It is not necessary, in answering the certified question, to determine what may be the right of the insurer, sustained in some decisions, such as Rideout v. Mars (Miss.), 35 L. R. A. (N. S.), 485, and Am. Nat. Ins. Co. v. Brown (Ky.), 201 S. W., 328, to recover the difference between the premiums collected and the premiums chargeable at the true age of the insured.

In the case of Laun v. Pacific Muutal Life Ins. Co. of Cal., 111 N. W., 660, 9 L. R. A. (N. S.), 1204, the Supreme Court of Wisconsin determined that the granting of a rebate did not invalidate a life insurance policy under a statute of very similar terms to Article 4954.

The opinion in that case contains an elaborate review of the authorities and is most convincing.

We answer that on the facts certified Article 4954 did not prevent the enforcement of the policy for its full amount.