

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

September 30, 1953

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. S-101

Re: Payment of old age
benefits by Western
American Life Insur-
ance Company upon
policies issued by
National Aid Life
Association.

Dear Mr. Butler:

Your request for our opinion involves the following brief statement of facts:

In 1929, National Aid Life Association of Oklahoma City, Oklahoma, was admitted to the State of Texas for the purpose of insuring under the "natural premium plan" then permitted by Chapter 5, Title 78, of Vernon's Civil Statutes. In 1941, this company converted to a plan of operation as a legal reserve as well as a natural premium or assessment under the name of National Aid Life Insurance Company, and by charter amendment became the National Life Assurance Company. On December 28, 1945, the assessment business was duly assumed by Reserve Loan Life Insurance Company of Texas, and on July 29, 1949, this mutual assessment business was assumed by Southland Life Insurance Company. In May, 1953, a reinsurance agreement was made between Southland and Western American Life Insurance Company of Austin, Texas. The latter company was organized under the provisions of Chapters 13 and 14, Texas Insurance Code. In question are the Certificates originally issued by National Aid Life Insurance Company which provide that the contracts will mature upon the insured's reaching a certain age. All of the various transactions, except the last one by Western American, assume all of the contractual obligations without reservation. You have also further advised that the original certificates met with the requirements of Oklahoma laws. Western American contends that its certificate of assumption limits its reinsurance agreement to the provision of the laws of the State of Texas and that specifically Art. 13.04 of the Insurance Code conflicts with provisions of the

contract. You state your request for our opinion as follows:

"Premises considered, we respectfully request your advice as to whether Western American Life Insurance Company is legally obligated to make payments of old age benefits to the same extent that National Aid Life Insurance Company would have been liable in the absence of the reinsurance agreements aforementioned?"

The answer is "Yes."

Article 13.04, "Policies," Insurance Code, provides:

"No corporation hereunder shall issue any certificate or policy upon a limited payment plan, nor guarantee or promise to pay any type of endowment or annuity benefits, but shall confine its operation to the issuance of certificates looking to continuous payment of premiums or assessments during the life of the policyholder. . . ."

We fail to find, however, that the certificates on the policies in question were originally issued by a company organized or incorporated under the provisions of Chapter 13, Insurance Code (formerly Art. 4859f, V.C.S.) and therefore these restrictions would not apply. There is no question that these certificates were enforceable during reinsurance agreements under National Life Reserve Loan, and Southland Life. The fact that Western American was organized under Chapters 13 and 14 of the Insurance Code and is required to comply with Art. 13.04, supra, does not void the provisions of business assumed under its reinsurance agreement. The limitation placed by Art. 13.04, supra, is a restriction confining mutual assessment companies to the issuance of ordinary insurance certificates, and applies to new policies which Western American issues. Bankers Life & Loan Ass'n v. Chase, 114 S.W.2d 374 (Tex. Civ. App. 1938).

The courts of this State have spoken out to protect innocent policyholders even where policies may have been issued in violation of our statutes. American National Insurance Co. v. Tabor, 111 Tex. 155, 230 S.W. 397 (1921); Board of Insurance Commissioners v. Great Southern Life Insurance Co., 150 Tex. 258, 239 S.W.2d 803, 812 (1951). It is therefore our opinion that contracts which have been in effect all of these years, assumed and reinsured by various companies,

are still enforceable by the holder against a company assuming these contracts even though such company may not itself legally write like contracts.

## SUMMARY

A Texas statewide mutual assessment company is legally obligated to make payments of old age benefits to the same extent that National Aid Life Insurance Company would have been liable in the absence of the reinsurance agreements.

APPROVED:

Rudy G. Rice
State Affairs Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

VFT/rt

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By V. F. Taylor
V. F. Taylor
Assistant