Curtis J. DUSTER, Appellant,

v.

AETNA INSURANCE COMPANY,
Appellee.

No. A14–83–145CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 23, 1984.

Rehearing Denied March 22, 1984.

James F. Tillson, Calvin, Dylewski, Gibbs, Maddox, Russell & Shanks, Houston, for appellant.

Cecil L. Solomon, Robin E. Baird, Hinds & Meyer, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Aetna Insurance Company (Aetna or appellee) was granted summary judgment on a casualty loss claim filed by Curtis J. Duster (Duster or appellant). Duster's yacht, insured by Aetna, was damaged in September of 1979. Appellant filed suit in February of 1982. The insurance agreement stated that action against Aetna was limited to a twelve month period following damage or loss. The limitation paragraph also contained a savings clause which stated:

"Provided that where any of the above limitations of time is prohibited or invalid by or under any applicable law, then and in that event no suit or action shall be commenced or maintainable unless commenced within the shortest limitation of time permitted under such law."

In its motion for summary judgment, appellee stated the savings clause incorporated a two year period of limitations provided in TEX.REV.CIV.STAT.ANN. art. 5545 (Vernon 1958). This Article allows parties to agree to fix a limit on actions on a contract to a period of not less than two years. The statute prohibits any shorter period of limitation.

Appellant asserts in his first point of error that a two year statute of limitations is not applicable to this case, and in his second point of error, that appellee's conduct tolled the limitations period. We sustain appellant's first point of error.

The twelve month period of limitation in the agreement is void under Article 5545. Whether a savings clause is sufficient to invoke the two year limitation under the Article is an unresolved question in this state. Appellee urges adoption of the opinion from the Fifth Circuit Court of Appeals in *Port Arthur Towing Co. v. Mission Insurance Co.*, 623 F.2d 367 (5th Cir.1980), a diversity case which interprets Texas law. In that case, the court held a savings clause did invoke the two year provision of Article 5545. Appellant urges us to adopt the dissent in *Port Arthur*, and hold that the savings clause was not sufficiently specific to incorporate the terms of Article 5545. We agree with appellant.

There are two rules of construction which provide guidance on how this savings clause should be interpreted with respect to Article 5545. Our Supreme Court has told us in *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth*, 578 S.W.2d 109, 115 (Tex. 1979), that ambiguities in a writing are to be strictly construed against the author and in a manner which will give effect to the intent of the parties. If two constructions are possible, the one requiring execution or performance is to be favored.

The second general rule of construction is that provisions denying benefits under an insurance policy should be construed strictly against the insurer. *Simmons v. Western Indemnity Co.*, 210 S.W. 713, 716 (Tex.Civ.App.—Ft. Worth 1919, no writ); and *American National Insurance Co. v. Tabor*, 111 Tex. 155, 230 S.W. 397 (1921). Consistent with these two rules, we hold that the savings clause in this case was inadequate to invoke the two year limitation of Article 5545.

The savings clause in this case is not sufficiently specific to invoke Article 5545. In order to use Article 5545, the maker of a contract must specifically state the period of limitation he wishes as a term of the contract. Article 5545 allows the parties to fix the limitation at any period under four years, so long as it is not less than two years.

The agreement in this case failed to specify a lawful period of limitations. The four years statute of limitations governing written contracts applies. Appellant's suit was not barred. His first point of error is sustained.

Judgment of the trial court is reversed and remanded for trial.