**Memorandum Opinion of December 19, 2023, Withdrawn; Judgment of December 19, 2023, Vacated; Appellants' Motion for Rehearing Granted; Appellee's Motion for Rehearing Denied; Affirmed; and Memorandum Opinion on Rehearing filed March 12, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00721-CV

## MAI N. LAM, PROHIBITION THEATRE LLC, PROHIBITION SUPPERCLUB & BAR LLC, RAILWAY HEIGHTS LP, RAILWAY HEIGHTS GP LLC, AND BRAVERY CHEF HALL, L.P., Appellants

### V.

### EADO ENTERPRISES GROUP LLC, Appellee

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2020-31203**

## MEMORANDUM
## OPINION ON REHEARING

In this appeal from a summary judgment against them for breach of a settlement agreement, the appellants maintained that the agreement was

unenforceable because one of the appellee's attorneys violated Texas Disciplinary Rule of Professional Conduct 4.02(a) by communicating directly with a represented appellant without the consent of the appellants' attorney. They argued that this rendered the settlement agreement void, and they additionally moved for sanctions against the appellee and its counsel. The trial court rendered final judgment for the appellee and expressly declined to hear the appellants' sanctions motion.

In our memorandum opinion of December 19, 2023, we agreed with appellants that the trial court reversibly erred in granting a final judgment despite the pending motion for sanctions, but we disagreed that the appellants could defeat summary judgment merely by proving that opposing counsel violated Rule 4.02(a). We reversed the judgment, but because there was no genuine issue of material fact about the settlement agreement's enforceability, we remanded the case solely for a new trial on the appellants' request for sanctions.

In response to that opinion, the appellants filed a motion for rehearing informing the Court that they no longer wish to pursue sanctions. The appellee opposed the motion, asking that we instead rule that the trial court already ruled on the sanctions motion and correctly denied it. Because we stand by our earlier conclusion that the trial court erroneously failed to rule on the sanctions motion, we deny the appellee's motion for rehearing; however, the trial court's failure to rule on the motion also means that the appellants are free to withdraw it. We accordingly grant the appellants' motion for rehearing, withdraw our opinion of December 19, 2023, and vacate the judgment of that date, and issue this memorandum opinion, with its accompanying judgment of affirmance, in their stead.

## I. FACTS

EADO Enterprises Group LLC owns a business called Chapman & Kirby. According to the allegations below, Company of Nomads, Anh Mai a/k/a Mai N.

Lam a/k/a Nguyen Lam Mai (Mai), and two other individuals[1] allegedly own Prohibition Theatre LLC, Prohibition Supperclub & Bar LLC, Railway Heights GP LLC, Railway Heights LP, and an entity alternatively referred to as Bravery Chef Hall L.P. or Chef Hall LLC. We refer to Mai and the organizational defendants collectively as the Mai Parties.

In late 2019, Mai spoke with attorney Bien Tran about purchasing Chapman & Kirby, and the Mai Parties eventually contracted to buy the business from EADO Enterprises Group LLC.[2] The deal fell through, and EADO sued the Mai Parties and the other purchasers for breach of contract, fraud, intentional misrepresentation, theft, and conversion.

In the litigation, the Mai Parties were represented by Mai's brother Pete Mai, and EADO was represented by attorneys George Murr and William Bush. Bush is employed by the same law firm that employs Tran.

In the summer of 2021, Mai contacted Tran directly about settling the case, while Mai's attorney was having the same discussions with EADO's attorney, Murr. The parties reached an agreement on August 18, 2021, and Mai's attorney wrote Murr that he would "forward my clients' execution when it is received." A week later, Mai's attorney wrote Murr, "I have been advised that there has been a delay in the execution of the settlement agreement because my client still needs some time to raise the settlement payment and that your client has been kept informed of the situation." The following evening, Mai texted Tran, "I just got it signed by everyone.

---

[1] The individual defendants Lian Nguyen a/k/a Lian Nguyen Pham and Sheppard Ross a/k/a Sheppard Ross Small have not appealed the judgment.

[2] Tran attested that he was a co-owner of Chapman & Kirby when Mai first contacted him about the purchase, but according to EADO's pleadings and a later settlement agreement, EADO was the seller by the time a purchase agreement was reached.

Give me a minute to send u." Mai emailed the executed settlement agreement to Tran, who forwarded it to Murr.

Several months later, EADO moved for summary judgment for breach of the settlement agreement. EADO's summary-judgment evidence included an attorney-fee affidavit from Tran, who identified himself as "an attorney whose law firm has represented [EADO] in the past and in this action."

The Mai Parties filed a combined summary-judgment response and motion for sanctions based on Tran's unauthorized communication with a represented party. In the motion, the Mai Parties asked the trial court to hold a hearing on their sanctions motion and to sanction EADO by striking the settlement agreement, disqualifying EADO's counsel, or imposing other appropriate sanctions. The Mai Parties attached a proposed order for the court to set a hearing on the sanctions motion.

EADO filed a summary-judgment reply that included Tran's supplemental affidavit attesting that he represents EADO in this suit. This was the first filing identifying Tran himself as one of EADO's attorneys. Tran attested that Mai had authorized Tran to speak directly to him; however, EADO did not contend that Tran or EADO's other attorneys obtained opposing counsel Pete Mai's consent to these communications.

The trial court granted EADO interlocutory summary judgment as to the Mai Parties' liability for breach of the settlement agreement, leaving the issue of EADO's request for attorney's fees pending. The trial court also stated in the order, "[T]he Court hereby DENIES Defendants' request for an oral hearing and notes that no motion is before the Court as to any sanctions or other relief for alleged improper communications between Plaintiff's counsel and any non-attorney Defendant."

4

Six months later, EADO nonsuited its claim for attorney's fees and the trial court rendered final summary judgment in EADO's favor. The Mai Parties filed a motion for a new trial in which they reurged their argument that, as a result of Tran's unauthorized communications with Mai Lam, the settlement agreement was illegally obtained and contrary to public policy. The motion was overruled by operation of law, and the Mai Parties appealed.

## II. ANALYSIS

In what is now the Mai Parties' sole issue on appeal, they argue that the trial court erred in granting EADO's traditional motion for summary judgment because the settlement agreement is void. We review such questions of law, as well as summary judgments generally, de novo. *Sundown Energy LP v. HJSA No. 3, Ltd. P'ship*, 622 S.W.3d 884, 888 (Tex. 2021) (per curiam).

To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)). On review, we construe the evidence in the light most favorable to the non-movant, crediting evidence favorable to the nonmovant if a reasonable juror could and disregarding contrary evidence unless a reasonable juror could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To decide the sole issue presented, we assume, without deciding, that the summary-judgment evidence establishes that Tran obtained the settlement agreement's execution by communicating directly with Mai without opposing

5

counsel's consent in violation of Rule 4.02(a). Such evidence does not raise a question of material fact as to whether the settlement agreement is enforceable.

The Mai Parties have attempted to link the alleged violation of Rule 4.02(a) to the claimed unenforceability of the settlement agreement by arguing that a violation of the rule renders the settlement agreement illegal and void as against public policy. But, the Supreme Court of Texas has cautioned that "courts must exercise judicial restraint in deciding whether to hold arm's-length contracts void on public policy grounds." *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 504 (Tex. 2015). And, as we explained in *Wright v. Sydow*, "[a] violation of the Disciplinary Rules does not . . . void an otherwise valid contract executed outside of the attorney-client relationship." 173 S.W.3d 534, 549 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Relying on the Disciplinary Rules of Professional Conduct as a source of public policy sufficient to void an otherwise-valid contract is particularly fraught, for as the preamble to the rules points out, "the purpose of these rules can be abused when they are invoked by opposing parties as procedural weapons." TEX. DISCIPLINARY R. PROF'L CONDUCT Preamble ¶ 15. We accordingly apply the precedent we established in *M.A. Mills, P.C. v. Kotts*: unless the contract is declared by law to be void or unenforceable, a court should not refuse to enforce the contract solely because it was formed in contravention of a disciplinary rule. 640 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (citing *Am. Nat'l Ins. Co. v. Tabor*, 111 Tex. 155, 160, 230 S.W. 397, 399 (1921)).

The Mai Parties have not cited, and we have not found, any statute or rule declaring a contract void solely because it was formed in violation of Rule 4.02(a)— and here, that is the settlement agreement's only alleged flaw. The Mai Parties do not assert that Tran has ever had an attorney-client relationship with any of them or

6

that the settlement agreement is anything other than an arm's-length transaction. They do not contend that the terms of the agreement are themselves violative of the law or of public policy. They neither argued nor offered any evidence that they executed the agreement under duress. They do not even dispute that it was Mai himself who not only initiated settlement discussions directly with Tran,[3] but who also continued texting Tran about the settlement even after EADO moved for summary judgment.[4] And finally, the Mai Parties admit that they *and their attorney* approved the settlement agreement.

In sum, the Mai Parties failed to raise a genuine issue of material fact regarding the settlement agreement's enforceability.

### III. CONCLUSION

We overrule the Mai Parties' sole issue on appeal, and we affirm the trial court's judgment.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

---

[3] A week before EADO filed suit, Mai texted Tran, "Before we go down this route (my brother works for free so I'm prepared to fight this), I['d] rather see if we can come to some sort of agreement. I firmly believe it's always better to make amends then fight each other."

[4] After EADO moved for summary judgment for breach of the settlement agreement, Mai texted Tran, "I should be getting funding before end of the year. Then we can finish up the settlement."