**Opinion issued April 28, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-24-00599-CV

————————————————

**VCC, LLC, Appellant**

**V.**

**ALLIED WORLD SPECIALITY INSURANCE COMPANY, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-56137**

---

### CONCURRING OPINION

It might seem peculiar to deny permission to appeal an interlocutory order because a trial court's ruling runs afoul of settled Texas law. But that is what the law requires here. I write to note this is not a bad thing.

By the plain text of the statute authorizing interlocutory appeals, a permissive appeal from an otherwise unappealable interlocutory order is allowed only if there is a substantial ground for difference of opinion about "a controlling question of law." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see also* TEX. R. CIV. P. 168. In this case, there is a substantial ground for difference of opinion about the trial court's *ruling*—every Texas appellate court to address the subject disagrees with the ruling—but the *questions of law* that underlie the trial court's ruling are well-settled.

At the hearing on appellant VCC's motion to reconsider its summary-judgment order, the trial court was clear it knew its summary-judgment ruling conflicted with settled law. The trial court said it thought the precedent was "wrong," but gave no reason for its opinion other than a stated dislike for the precedent about the phrase "within two years," and an apparent belief that *Duster v. Aetna Ins. Co.*, 668 S.W.2d 806 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd) was outdated because it was decided "like 40 years ago."

A subjective personal belief and the age of precedent, without legal reason to believe the precedent is no longer valid, are insubstantial grounds for a difference of opinion that do not invoke this Court's permissive-appeal jurisdiction.

Here, the trial court seemed interested in having us review and perhaps reconsider settled law. Absent substantial grounds for disagreement, that is a waste of time and resources for the litigants and this Court. *See In re McAllen Med. Ctr.,*

2

*Inc.*, 275 S.W.3d 458, 461 (Tex. 2008) ("Appellate courts cannot afford to grant interlocutory review of every claim that a trial court has made a pre-trial mistake."). Allowing trial courts to certify permissive appeals because they "don't like" settled law creates needless uncertainty. *See Indus. Specialists, LLC v. Blanchard Refining Co.*, 652 S.W.3d 11, 21 (Tex. 2022) ("The final-judgment rule may entail 'inevitable inefficiencies,' . . . and permissive appeals may reduce those inefficiencies, but we are not inclined to allow the permissive-appeal process to morph into an alternative process for direct appeals . . . . A just and deliberate judicial system remains far preferable to a merely efficient one." (quoting *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019))).

I doubt the scenario in this case will repeat itself often. A trial court's decision to grant permission to appeal an unappealable interlocutory order is discretionary. *See* TEX. R. CIV. P. 168 (noting trial court "may permit an appeal from an interlocutory order that is not otherwise appealable"). A trial court deciding to knowingly rule in a way that conflicts with settled Texas law on a subject and then giving the losing party permission to immediately appeal reflects an adventurous attitude toward judging that is uncommon in Texas.

This Court's ruling today denying permission to appeal is unlikely to harm VCC. There is no final judgment yet in this case. VCC is complaining about an interlocutory order that is subject to reconsideration and ultimately review on direct

3

appeal. Because Texas Civil Practice and Remedies Code section 51.014(g) requires us to state our reasons for denying permission to appeal, VCC now has an opinion that it can use to assure the trial court—which now has a different presiding judge—about the law on these questions.


                                        Clint Morgan
                                        Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

Morgan, J., concurring.