**Opinion issued April 28, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00599-CV

————————————

**VCC, LLC, Appellant**

**V.**

**ALLIED WORLD SPECIALTY INSURANCE COMPANY, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-56137**

---

## MEMORANDUM OPINION

Appellant, VCC, LLC, seeks permission to bring a permissive interlocutory appeal in this Court from the trial court's July 29, 2024 "Order Denying [Its] Motion for Reconsideration of [Appellee] Allied World Specialty Insurance Company's

Traditional Motion for Summary Judgment."[1] The trial court's order certified two questions of law for permissive appeal: (1) "Is the limitations period in the . . . bond void under Texas law?" and (2) "Does the savings clause in the . . . bond change the answer as to whether VCC's claims were timely under Texas law?"

To be entitled to a permissive appeal, VCC must show that, "the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion . . . ." TEX. R. APP. P. 28.3(e)(4). We deny the petition because there is no substantial ground for difference of opinion on the legal questions presented.[2]

**Background**

This request for a permissive appeal turns on the statute of limitations at issue in a construction dispute, and in particular, whether a two-year contractual deadline or a four-year statute of limitations[3] applied. VCC, a general contractor of an apartment complex construction project, subcontracted RJ Structures, LLC ("RJS") to perform certain work. Allied provided payment and a performance bond, dated August 31, 2015, for RJS's work on the project. On February 14, 2017, VCC issued

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d), (f); *see also* TEX. R. APP. P. 28.3.

[2]    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(g).

[3]    TEX. CIV. PRAC. & REM. CODE § 16.051 (four-year residual statute of limitations); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002).

2

a Notice of Default to RJS. On March 10, 2017, VCC issued a formal termination of RJS and a demand on Allied to complete RJS's remaining work on the project. VCC issued an additional written notice on April 19, 2017. This lawsuit followed.

On August 14, 2019, VCC sued RJS for "fail[ing] to perform its obligation under the [s]ubcontract" and against Allied for "fail[ing] to respond to [its] request to meet and also to pay . . . for its costs incurred supplementing, correcting, and completing RJS's work." Allied answered, asserting that VCC's claims against it were barred by a two-year statute of limitations. That underlies the issues here.

*1. Allied's Argument that the Claims Were Barred*

Allied fmoved for summary judgment, arguing it was entitled to judgment as a matter of law on VCC's claims because "VCC [wa]s barred from recovering against Allied based on the [two-year] limitations provision within [the] . . . bond" namely section 11, which provided:

> Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted **within two years after** a declaration of [RJS's] Default[4] or **within two years after** [RJS] ceased working, or **within two years after** [Allied] refuses or fails to perform its obligations under this Bond, **whichever occurs first**.

(Emphasis added.) The provision also provided the following savings clause:

---

4     "[RJS's] Default" is defined under section 14.3 of the bond as: "Failure of [RJS], which has not been remediated or waived, to perform or otherwise comply with a material term of the Construction Contract."

**If the provisions** of this Paragraph **are void or prohibited by law, the minimum period of limitation** available to sureties as a defense in the jurisdiction of the suit **shall be applicable**.

(Emphasis added).

Allied asserted in its summary-judgment motion that the provision indicated "that any one of [the following] three possible events [would] initiate the running of the . . . [b]ond's two-year limitations period":

i.      [a] declaration of default as to RJS[;]
ii.     [t]he end of RJ[S's] work on the [p]roject[;] [or]
iii.    Allied's failure to perform its obligations under the . . . [b]ond.

According to Allied, application of this provision meant that the two-year limitations period was triggered no later than March 10, 2017, the date of VCC's demand. Thus, VCC was required to commence a lawsuit against Allied by March 10, 2019, and because VCC filed its suit on August 14, 2019, its claims against Allied were barred.

Allied asserted that the limitations provision "comport[ed] with Texas law, as it [wa]s not less than two years and [wa]s not triggered prior to the accrual of a potential claimant's cause of action." Allied's position was that "[t]he [b]ond['s] . . . savings clause . . . extend[ed] the time in which to bring suit to the minimum period allowed by law"—two years, citing *Port Arthur Towing Co. v. Mission Insurance Co.*, a federal appellate case from 1980.[5] Allied acknowledged

---

[5]      623 F.2d 367, 370 (5th Cir. 1980) (holding that article 5545, predecessor to Texas Civil Practice and Remedies Code section 16.070, was invoked by similar savings

4

that in *Duster v. Aetna Insurance Co.,* the Fourteenth Court of Appeals disapproved of *Port Arthur.* *See* 668 S.W.2d 806, 807 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd) (adopting view of dissent in *Port Arthur* and holding that contract providing for "shortest limitation of time permitted" by state law failed to specify lawful period of limitations, resulting in application of four-year statute of limitations).

In *Duster*, the Texas Supreme Court refused the application for writ of error, giving the court of appeals' decision the force of Texas Supreme Court precedent.[6] Allied nonetheless argued that VCC was not entitled to the benefit of *Duster* because "it [wa]s a sophisticated party and, for all intents and purposes, acted as the drafter of the [b]ond in this case."

### 2. VCC's Response that a Four-Year Limitation Applied

In its response to Allied's summary-judgment motion, VCC argued that Allied was not entitled to judgment as a matter of law because the provision requiring VCC to file suit "within two years" was void under Texas Civil Practice and Remedies Code section 16.070(a). VCC argued that "within two years" meant "within a time period shorter than two years," and within two years after a triggering event,

---

clause).

[6] *See Hyundai Motor Co. v. Vasquez,* 189 S.W.3d 743, 754 n.52 (Tex. 2006) (explaining that in cases decided before September 1, 1997, "writ refused" identifies opinion as having "equal precedential value with the Texas Supreme Court's own opinions").

whichever came first, meant that such event may accrue before the cause of action itself. VCC further argued "because the limitations period" stated in the performance bond was void, "[a] four-year statute of limitations applie[d]."

VCC disputed Allied's assertion that its claims accrued on March 10, 2017, arguing that "under the bond, [its] right to file suit was—at the very earliest—seven days after the additional written notice dated April 19, 2017." VCC also disputed Allied's allegation that the bond had a two-year limitations period, asserting that "within two years' mean[t] that the limitations period [wa]s one year and 364 days." Finally, VCC asserted that "[t]he [trial] [c]ourt should reject Allied's interpretation of the savings clause that would add one day to the contractual period in the [b]ond," and instead should apply a four-year statute of limitations as the Texas Supreme Court did in *Godoy v. Wells Fargo Bank, N.A.*[7]

### 3. The Trial Court Ruling and the Arguments that Followed

The trial court granted Allied summary judgment and ordered that VCC take nothing on its claims against Allied. VCC then filed a "Motion to Sever or, Alternatively, Motion to Amend Order to Allow Permissive Interlocutory Appeal."

---

[7] 575 S.W.3d 531, 539-40 (Tex. 2019); *see also Spicewood Summit Office Condos. Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 467 n.3 (Tex. App.—Austin 2009, pet. denied) (noting that *Duster* rejected *Port Arthur*, "and held instead that a contract providing for the 'shortest limitation of time permitted' by state law fails to specify a lawful period of limitations, resulting in application of the four-year statute of limitations").

Allied and RJS objected to both forms of relief requested, asserting that "allowing an interlocutory appeal [would] only serve to further delay this already drawn-out dispute."

VCC moved for reconsideration of the trial court's summary-judgment ruling, arguing that it had timely filed its claims against Allied because under *Duster*, the residual four-year limitations period applied. Allied responded, arguing that the trial court's summary judgment ruling was correct because "it was VCC which selected [the] bond language" (emphasis omitted) and the savings clause was "sufficiently specific to allow VCC—a sophisticated party—to understand the time by which it needed to bring suit." In its reply, VCC asserted that "[s]peculation as to whether a contract term is 'understood' ma[de] no difference as to whether its limitations period [wa]s void because that period [wa]s too short." VCC noted that *Duster* (the controlling Texas case) adopted the dissent in the Fifth Circuit's *Port Arthur* and that no court "ha[d] followed *Port Arthur* on th[e] issue since it was issued [in 1980]."

During a hearing on VCC's Motion for Reconsideration, VCC reiterated that a four-year limitations period applied to its claims against Allied. When VCC complained at the hearing that Allied "did not address the controlling legal precedent," i.e., *Duster*, the trial court responded, "I don't like that controlling legal precedent." The trial court explained that it was troubled by a lack of new cases

interpreting the phrase "within two years," and it did not find convincing VCC's argument that "two years and a day" or even "two years and a second" would suffice to state the two-year mark. Allied argued that *Duster* was distinguishable because the instant case "[wa]s not a consumer insurance concept, it[] [was] not even an insurance concept, it[] [was] a surety concept . . . ." The trial court denied VCC's motion for reconsideration, and in addressing VCC's counsel, stated:

> You may be right, and the Court of Appeals may still rule the same way. And so I'm putting on the record right now that I am incorrect if the Court of Appeals is going to deal the same way.

> But to say . . . within means less than, then you get into a question of linguistics. And I don't know, maybe they'll rule the same way.

In response to VCC's argument that the cited legal precedent was "law which [wa]s fairly well established for a century[,]" the trial court initially said, "Can I say it's unconstitutional. I want to do that before I leave[,]" but then said, "That's not quite unconstitutional, just wrong. We'll see. I'm going to deny it." The trial court concluded the motion-for-reconsideration hearing by certifying two issues for permissive appeal, and subsequently issued a written "Order Denying [VCC]'s Motion for Reconsideration . . . and Order Granting Permissive Interlocutory Appeal."[8]

---

[8]     *See* TEX. R. CIV. P. 168.

VCC filed a petition for permissive appeal in this Court. No response to the petition was filed.

**Applicable Law**

Generally, appeals may be taken only from final judgments or interlocutory orders for which an appeal is authorized by statute. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (superseded on other grounds); *Elliott v. Davis*, No. 01-21-00673-CV, 2023 WL 4110834, at *1 (Tex. App.—Houston [1st Dist.] June 22, 2023, no pet.) (mem. op.). Under certain circumstances, a trial court may allow an appeal from an order that is otherwise not appealable. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). When the trial court permits an appeal from an interlocutory order, the party seeking to appeal must file a petition in the court of appeals seeking permission to appeal. *See* TEX. R. APP. P. 28.3(a).

"A departure from the final judgment rule in the form of an interlocutory appeal must be strictly construed because it is 'a narrow exception to the general rule that interlocutory orders are not immediately appealable.'" *Sabre Travel*, 567 S.W.3d at 736 (Tex. 2019) (quoting *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 461 (Tex. 2008) ("Appellate courts cannot afford to grant interlocutory review of every claim that a trial court has made a pre-trial mistake.").

9

Section 51.014(d) of the Texas Civil Practice and Remedies Code states the requirements of a permissive appeal:

> On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1)    the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2)    an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).[9] *See Orion Marine Constr., Inc. v. Cepeda*, No. 01-18-00323-CV, 2018 WL 3059756, at *1 (Tex. App.—Houston [1st Dist.] June 21, 2018, no pet.) (mem. op.).

### Analysis

VCC seeks to appeal the trial court's July 29, 2024 "Order Denying [Its] Motion for Reconsideration of . . . Allied['s] . . . Traditional Motion for Summary Judgment." The trial court's order certified two questions of law for permissive appeal: (1) "Is the limitations period in the . . . bond void under Texas law?" and

---

[9]    Texas Rule of Appellate Procedure 28.3 sets out the procedural requirements for a petition for permissive appeal and requires the petition to state "why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. R. APP. P. 28.3(e)(4).

(2) "Does the savings clause in the . . . bond change the answer as to whether VCC's claims were timely under Texas law?"

To be entitled to a permissive appeal, VCC must argue in its petition, "clearly and concisely[,] why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion . . . ." TEX. R. APP. P. 28.3(e)(4).[10] "[G]enerally, if the viability of a claim rests upon the court's determination of a question of law, the question is controlling." *Singh v. RateGain Travel Techs., Ltd.*, No. 05-23-01088-CV, 2023 WL 8642555, at *2 (Tex. App.—Dallas Dec. 14, 2023, no pet.) (mem. op.). Substantial grounds for disagreement as to a controlling legal question may exist "when the question presented to the court is novel or difficult, when controlling law is doubtful, when controlling law is in disagreement with other courts of appeals, and when there simply is little authority upon which the district court can rely." *Id.*

We deny VCC's request to grant permissive appeal because—assuming for these purposes that there are two controlling questions of law at issue—VCC has not established that substantial grounds for difference of opinion exist on either. On the contrary, as VCC argued below, the law is settled as to both questions. The trial court

---

[10] Although VCC failed to file a docketing statement as required by Texas Rule of Appellate Procedure 28.3(i), a docketing statement "is for administrative purposes only and does not affect the court's jurisdiction." O'Connor's Texas Civil Appeals Ch. 5-B § 1 (2025 ed.); *see* TEX. R. APP. P. 28.3(i).

11

acknowledged the existence of controlling precedent on both questions, but chose to disregard it, finding it "just wrong."

We address each question in turn.

*1. Is the Limitation Period Void?*

With respect to the first certified question, whether the limitations period of "within two years" is void under Texas law, settled law shows undoubtedly that the answer is "yes." As a general rule, the statute of limitations for a breach of contract action is four years from the day the cause of action accrues or when the contract is breached. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. While parties may contract for a different period of time in which a party may file a breach-of-contract claim, such period may not be shorter than two years, as codified in the Texas Civil Practice and Remedies Code section 16.070 (a):

> a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years. A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this [S]tate.

Thus, the period here was void under settled law. As VCC explained in the court below, for over a century, Texas courts have interpreted limitations clauses, like the one here, that require a claim be filed "within" a certain time period, to mean that the claim must be filed before that period of time expired. *See, e.g.*, *U.S. Fid. & Guar. Co. v. E. Hills Methodist Church*, 609 S.W.2d 298, 300 (Tex. Civ. App.—

12

Fort Worth 1980, writ ref'd n.r.e.) (holding, consistent with case law going back to 1911, that contract provision requiring suit be brought "within two years" was void because it required suit be brought in less than two-year statutory minimum period); *see Taber v. W. Union Tel. Co.*, 137 S.W. 106, 108 (1911) (interpreting contract provision requiring claim be brought "within 90 days" to mean "in a period less than 90 . . . days"). Texas law remains consistent on this issue: "A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this [S]tate," and "[a]s a result, the four-year statute of limitations governs [a] breach[-]of[-]contract claim." *Spicewood Summit Off. Condominiums Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 464–66 (Tex. App.—Austin 2009, pet. denied); *see, e.g.*, *CapLOC LLC v. Liberty Mut. Ins. Eur. Ltd.*, Civ. Action No. 3:20-CV-3372-B, 2021 WL 2551591, at *6 (N.D. Tex. June 22, 2021) (mem. op. and order) ("A contract provision purporting to establish a limitations period of less than two years is void, and Texas's common-law, four-year limitations period will govern instead.").

VCC's petition does not establish a substantial ground for difference of opinion on this question. Contrary to VCC's assertion in its petition, the fact that "the trial court longed for 'new' authorities on the issue," in itself, does not undermine existing, settled case law for these purposes. *See, e.g.*, *Spicer, Tr. for Celeritas Chems., LLC v. Euler Hermes N. Am. Ins. Co.*, No. 05-24-01156-CV, 2024

13

WL 5251995, at *1 (Tex. App.—Dallas Dec. 31, 2024, no pet.) (mem. op.) ("Settled questions are not proper for a permissive appeal because they are not subject to a substantial ground for difference of opinion."); *see also Phoenix Energy, Inc. v. Breitling Royalties Corp.*, No. 05--14--01153--CV, 2014 WL 6541259, at *2 (Tex. App.—Dallas Oct. 17, 2014, no pet.) (mem. op.) ("[T]he law regarding adjudication of title to foreign realty is well-settled. Because the order being appealed does not involve a controlling question of law as to which there is a substantial ground for difference of opinion, we deny the petition and motion to stay and dismiss the appeal") (internal citation omitted).

An erroneous ruling by the trial court, as here, likewise does not change the outcome in this case. *See Target Corp. v. Ko*, No. 05-14-00502-CV, 2014 WL 3605746, at *1 (Tex. App.—Dallas July 21, 2014, no pet.) (mem. op.) ("The fact that the trial court may have erred in not granting summary judgment is not a basis for a permissive appeal."); *KFW Mngmt., LLC v. SI Creekside, Ltd.*, No. 03-22-00089-CV, 2022 WL 2374655, at *1 (Tex. App.—Austin Jul. 1, 2022, no pet.) (mem. op.) (finding that trial court's erroneous denial of motion for partial summary judgment on issue expressly decided by Texas Supreme Court and followed by courts of appeals, did not constitute substantial ground for difference of opinion on controlling question of law).

## 2. *Does the Savings Clause Change this Answer?*

The second question, whether the savings clause extended the period, suffers from the same flaw. Neither the petition nor the record establishes substantial grounds for disagreement.

*Duster* also controls here. As a writ refused case, *Duster* has the weight of Texas Supreme Court precedent. 668 S.W.2d 806; *see Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 754 n.52 (Tex. 2006) (explaining precedential significance of "writ refused"); *Ferreira v. Butler*, 575 S.W.3d 331, 335 n.29 (Tex. 2019) (describing "writ refused" opinion as having "the precedential value of one of our own").

In the instant case, the savings clause states: "If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable." Similarly, in *Duster*, the savings clause stated: "Provided that where any of the above limitations of time is prohibited or invalid by or under any applicable law, then and in that event no suit or action shall be commenced or maintainable unless commenced within the shortest limitation of time permitted under such law." 668 S.W.2d at 806. *Duster* held that because that savings clause was not "sufficiently specific," the agreement "failed to specify a lawful period of limitations" and as

15

such, the default four-year statute of limitations applied. *Id*. at 807. That applies directly here. There is no ground for disagreement on this question.

Post *Duster*, courts following Texas law are in accord. For example, in *CapLOC LLC*, the policy contained a savings clause stating: "If any limitation embodied in this [p]olicy is prohibited by any law controlling the construction hereof[,] such limitation shall be deemed to be amended so as to equal the minimum period of limitation provided by such law." 2021 WL 2551591, at \*6 n.4 (internal quotations omitted). *CapLOC LLC* noted that "courts in Texas have found such clauses too vague to identify a limitations period and instead apply the general four-year statute of limitations." *Id.*

So too with *Douskos v. Eden Park Insurance Co.*, No. CIV.A. A-01-CV-192 JRN, 2001 WL 699092, at \*2 (W.D. Tex. June 15, 2001) (order), where the savings clause stated: "[I]f by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State to be fixed herein." (emphasis and internal quotations omitted). *Douskos* held that "[t]he saving clause d[id] not fix the problem." *Id.* Referencing *Duster*, the district court continued: "[m]erely referring to the time allowed by State law is insufficient. Alternatively, referencing State law does not help. State law sets the limitation period for contract claims at four years." *Id.* (internal citation omitted).

16

The Fifth Circuit's *Port Arthur*—which Texas law has rejected—does not create substantial ground for disagreement in this case. 623 F.2d 367. In applying a two-year statute of limitations in that case, the Fifth Circuit noted that the issue had not, at the time, been addressed by Texas courts, but its goal, as a federal court addressing Texas law, was to predict how the Texas Supreme Court would decide the matter. *Id*. at 369–70 (citing 1925 case as "closest Texas authority"). *Port Arthur* was directly superseded by *Duster*, which followed the dissent from *Port Arthur*.[11] And again, *Duster* has the same precedential value as a Texas Supreme Court opinion.

Accordingly, we conclude that VCC's petition fails to establish the requirement of Texas Rule of Appellate Procedure 28.3(e)(4) that the interlocutory order seeking to be appealed from involves a controlling question of law as to which there is a substantial ground for difference of opinion.[12] *See* TEX. R. APP. P. 28.3(e)(4); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). For this

---

[11] Texas courts of appeals are not bound by the decisions of federal courts of appeals. *See, e.g.*, *First Nat'l Collection Bureau, Inc. v. Walker*, 348 S.W.3d 329, 337 (Tex. App.—Dallas 2011, pet. denied) (while federal courts of appeals' decisions are received with respectful consideration, they do not bind Texas courts); *Hassan v. Greater Houston Transp. Co.*, 237 S.W.3d 727, 733 n.6 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("[F]ederal courts of appeals' holdings are not binding on Texas appellate courts") (internal citation omitted).

[12] Because the petition fails to establish the first prong, we do not address the second prong, namely, whether an immediate appeal from the trial court's order may materially advance the ultimate termination of the litigation. *See* TEX. R. APP. P. 47.1 (opinion should be "as brief as practicable").

17

reason, and consistent with Texas Civil Practice and Remedies Code section 51.014(g), we deny VCC's petition for permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(g). VCC is free to seek reconsideration by the trial court of any interlocutory rulings in light of our opinion.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Morgan.

Caughey and Morgan, JJ., each filed a concurring opinion.